John F. RIED, Appellant,

v.

CITY OF MAPLEWOOD, Missouri, Respondent.

No. 40340.

Missouri Court of Appeals, Eastern District, Division Two.

March 25, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Arthur S. Margulis, St. Louis, for appellant.

Dennis Buchheit, Clayton, for respondent.

STEWART, Judge.

John F. Ried appeals from a judgment of the circuit court affirming the decisions of the City Council of the City of Maplewood that suspended Ried and subsequently discharged him from his position as a police officer of the City of Maplewood.

Ried held the rank of major with the Police Department of the City of Maplewood and was the assistant chief of police. He was notified by letter dated April 25, 1977 that he was suspended from duty for 60 days without pay for dereliction of duty. The letter from Robert M. Conner, Commissioner of Public Safety, listed the following specifications:

"1. Disobedience of a direct order: in that you did fail to initiate an inventory of department equipment in accordance to written order by the Commissioner of Public Safety.

2. Violation of established chain of authority: in that you did fail to present evidence of a 'NO TRUE BILL' or to notify Department Supervisor of your intent prior to releasing Suspension of Lt. Sorbello.

3. Neglect of Duty: in that you did fail to enforce specific instruction, or to take corrective action within your authority to remedy repeated tardiness violations on part of Lt. Sanderson."

Ried filed an appeal to the City Council.

On August 11, 1977, before the appeal could be heard, Ried was notified of his discharge from the department by a letter from the Commissioner of Public Safety. The letter contained the following specifications:

"1. That on May 4, 1976 you tampered with a witness, Lynn Harrison, who had witnessed an occurrence between George Kerry and Sheila Ried on that same date.

2. That as a result of such tampering, you caused George Kerry to be disciplined and to lose one week's vacation without pay and a two days suspension, constituting willful failure to properly conduct oneself, disgraceful and prejudicial conduct, and discourtesy to a fellow employee.

3. That in July of 1977 your did disobey a direct and lawful order of the Chief of Police to follow the chain of command by reporting the results of a meeting which you had with Cheryl Stephenson in your home, to the St. Louis County Police Department instead of to the Commissioner of Public Safety.

4. That you did willfully conspire with Cheryl Stephenson, among others, to wrongfully accuse the Chief of Police of the crime of illegal sale of a controlled substance, which conduct constitutes a violation of law amounting to moral turpitude."

Ried also appealed the discharge to the City Council. The appeals were heard together. The Council made findings of fact and conclusions of law in which it found in favor of Ried on the first specification with respect to the suspension, found against him on the other specifications, and upheld the suspension.

The Council made findings of fact and conclusions of law in which it found against Ried on the first three specifications of the discharge, dismissed the fourth specification, and affirmed his discharge from the police department.

■ We must first consider Ried's contention that the trial court erred in affirming the decisions of the City of Maplewood because there is no evidence of the existence of the City as a municipal corporation. This matter was never an issue before the trial court. In reviewing the petition for review we note that Ried alleges that the City of Maplewood "is now and at all times herein mentioned a third class city within St. Louis County, Missouri." Facts admitted by the pleader do not have to be proven by his opponent. *Huber v. Western & Southern Life Insurance Co. of Cincinnati, Ohio*, 341 S.W.2d 297, 300 (Mo.App.1960).

We thus know that Maplewood is a city of the third class. Whether it is organized under either of the two alternate forms of city government[1] is of no consequence for our consideration. Our problems with this case however, have been compounded by a dearth of information with respect to the form of organization of the police department of the City of Maplewood. A police department in a third class city may be organized under either § 85.541 or § 85.551 RSMo. 1969 and the law respecting this case is dependent upon which of the two statutes is applicable.

Under § 85.541 the city is empowered to adopt a merit system police department. In adopting such a system the ordinance must comply with the following statutory mandates:

"(1) A personnel board shall be created which shall be composed of members of the largest and second largest political parties in equal numbers;

(2) The personnel board shall be required to give examinations to candidates for appointment or promotion and to certify lists of eligibles to the mayor or other appointing authority;

(3) The mayor or other appointing authority shall be required to appoint or promote from a list of eligibles so certified;

(4) All persons so appointed or promoted shall be entitled to hold office during good behavior and efficient service;

(5) Any person suspended, demoted or discharged for misbehavior or inefficiency shall, upon his application, be granted a public hearing before the personnel board."

Those cities of the third class that do not adopt the merit system police department are governed by § 85.551 which states that the marshal shall be the chief of police and that there shall be "one assistant marshal, who shall serve for a term of one year and who shall be deputy chief of police." This statute also provides for such regular policemen as are deemed necessary who shall also serve a term of one year. It further provides that:

"2. The manner of appointing the assistant marshal and all policemen of the city shall be prescribed by ordinance. The council shall also, by ordinance, provide for the removal of any marshal, assistant marshal or policeman guilty of misbehavior in office."

■ If Maplewood has adopted the merit system the hearing before the City Council did not comply with § 85.541, subd. 2(5) which requires the hearing be held before the personnel board. If it has not adopted the merit system the department was required to be organized pursuant to § 85.551. Under this statute the term of Ried would have been for one year. Unless there was a reappointment, his employment after one year would have created an employment at will. See *State ex rel. Rife v. Hawes*, 177 Mo. 360, 76 S.W. 653[1][2] (banc 1903). We learn from a reading of the transcript that at the time of his discharge he had been employed for more than one year because one of the occurrences upon which he was suspended occurred more than one year before his discharge. If Ried was employed at will he could be discharged at will and he would have no right to judicial review of the discharge. *Karzin v. Collett*, 562 S.W.2d 397 (Mo.App.1978).

---

1. Cities of the third class may be organized in accordance with Chapter 77, §§ 78.010–78.420 or §§ 78.430 -78.640 RSMo. 1978.

None of the ordinances of the City of Maplewood are before us in any manner nor do we have any of the relevant regulations of the police department.[2] In this respect this case is distinguishable from *Prokopf v. Whaley*, 592 S.W.2d 819 (Mo. banc 1980).

It is readily apparent that we have no basis upon which to determine whether Ried has a right to judicial review of his discharge. If he has a right to judicial review we are unable to determine the nature of that review. The record in this action is such that the only disposition we can make of this case is to remand the cause to the circuit court for remand to the City of Maplewood for its further consideration and disposition in accordance with the laws applicable to its police department.

STEPHAN, P. J., and KELLY, J., concur.

---

2. We have one page of regulations pertaining to the method of handling written complaints within the department which has no relation to the issues in this proceeding.