Joseph D. SORBELLO, Appellant,

v.

CITY OF MAPLEWOOD, Missouri, Respondent.

No. 41623.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 9, 1980.

---

Arthur S. Margulis, St. Louis, for appellant.

R. Jon Bopp, Ballwin, for respondent.

REINHARD, Judge.

Petitioner Joseph D. Sorbello appeals from a judgment of the circuit court upholding the decision of the City Council of the City of Maplewood discharging him from his position as a police officer of the City of Maplewood.

The petitioner was employed as a lieutenant in the Maplewood Police Department before his discharge on May 13, 1977. The discharge letter read as follows:

Sir,

Effective this date, May 13, 1977, you are hereby discharged as a lieutenant from the Maplewood Police Department. Cause for dismissal: Disobedience of a direct order on the 5th day of May, 1977. Subject: Refusal to submit to a polygraph test on the James Ludwig matter as an internal affairs investigation being conducted by this department.

You have five days in which to file an appeal of this decision.

Very truly yours,
Raymond Heberer, Chief
Maplewood Police Department

Petitioner subsequently filed with the City Council a notice of appeal from his dismissal. A hearing was held before the Council on August 23, 1977, following which the Council made findings of fact and conclusions of law, and affirmed the dismissal of petitioner. Petitioner then appealed to the circuit court from whose order this appeal arises.

On appeal, petitioner contends that the charges stated for his dismissal in the letter from Chief Heberer were vague and indefinite. In support of this argument, however, he relies upon cases pertaining to criminal indictments and civil pleadings. These cases obviously deal with judicial proceedings, and they are not controlling in administrative proceedings. The charges made against a public employee in an administrative proceeding, while they must be stated specifically and with substantial certainty, do not require the technical precision of a criminal indictment or information. *See Giessow v. Litz*, 558 S.W.2d 742, 749 (Mo.App.1977). It is sufficient that the charges fairly apprise the officer of the offense for which his removal is sought. *Schrewe v. Sanders*, 498 S.W.2d 775, 777 (Mo.1973).

Here, the charge made against petitioner in Chief Heberer's letter was specific and certain as to the time and nature of the incident. Petitioner could have had no uncertainty as to the act with which he was charged, and the reason for his dismissal.[1] We therefore rule this point against petitioner.

Petitioner's second point is that he "was not afforded a proper hearing by the City of Maplewood in accordance with the requirements of the merit system and civil service system to the extent they existed in the City of Maplewood at the time of this procedure for the reason that no merit system board or civil service system board existed for such purpose in accordance with the Code of the City of Maplewood and [petitioner] was prejudiced thereby." In support of this point, petitioner relies entirely upon *Reid v. City of Maplewood*, 598 S.W.2d 171 (Mo.App.1980).

Petitioner, however, raises no points requiring us to consider the procedures in the city's review of his dismissal. The sufficiency of the charge had nothing to do with

---

1. Petitioner has made no challenge to the reasonableness of the order he was given. Further, § 85.561.2, RSMo 1969, provides in part that "the deputy chief of police and all other members of the police department shall be subject to the orders of their superiors in the police department . . . ."

the forum of the hearing. There is no contest here as to the sufficiency of the evidence. Petitioner does not challenge that the order was made, and admits that he refused to take the polygraph test. Further, it was petitioner who appealed to the city council, and he made no complaint as to the propriety of that forum before the council or before the circuit court. Under all the circumstances of this case, we see no need to remand as in *Reid*.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.