Don B. **GOLLAHER**, Plaintiff-Appellant,

v.

**ST. LOUIS COUNTY CIVIL SERVICE COMMISSION, et al.,**
**Defendants-Respondents.**

No. 47115.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 13, 1984.

Rodney Howard Powell, St. Louis, for plaintiff-appellant.

Dennis C. Affolter, St. Louis, for defendants-respondents.

PUDLOWSKI, Judge.

This is a civil action for judicial review of a decision from administrative agency.

The appellant was dismissed from his job as a security person with the St. Louis County Department of Security. The appellant's dismissal was affirmed by the St. Louis County Civil Service Commission. Appellant appealed to the Circuit Court of St. Louis County for judicial review. The trial court ruled that the decision of the Civil Service Commission affirming the appellant's dismissal was supported by competent and substantial evidence upon the whole record. Appellant appeals. We affirm.

■ On appeal, the appellant alleges that the Civil Service Commission erred in determining that the appellant's dismissal was supported by competent and substantial evidence. We disagree. Our review of the entire record indicates that the trial court's affirmance of the Commission's decision properly followed the scope of review established in § 536.140, RSMo 1978. *Hanebrink v. Parker,* 506 S.W.2d 455, 457–458 (Mo.App.1974). The Commission's decision to affirm the appellant's dismissal was based on its conclusions that he was incompetent and inefficient in that he left his assigned security post without relief in violation of department policy twice, and during a too-lengthy lunch break, failed to act responsibly in reacting to the discovery of a unfamiliar suspicious box in the hospital stairwell.

■ The appellant next complains that he was prejudiced by the purported "clerical error" in his termination letter. We defer to the trial court's conclusion that the appellant was properly advised of the reasons for his termination and was not prejudiced in the preparation of his defense. The letter itself was clear and unambiguous. *Sorbello v. City of Maplewood,* 610 S.W.2d 375, 376 (Mo.App.1980), *Giessow v. Litz,* 558 S.W.2d 742, 749 (Mo.App.1977).

■ The appellant also asserts that the Commission erred in not holding the county estopped from terminating the appellant because of an aggregate of similar offenses which were committed by the entire work force and who were not disciplined. Since the appellant's claim of estoppel in pais was not raised in the petition for review and was briefed for the first time in this court, it must be concluded that this issue is outside our scope of review. *Ross v. Robb,* 651 S.W.2d 680, 683 (Mo.App. 1983).

Our review of the whole record convinces us that the decision of the Civil Service Commission was based on competent and substantial evidence and, accordingly, we affirm the judgment of the circuit court. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b)(4).

CRIST, P.J., and SIMON, JJ., concur.