John F. RIED, Appellant,

v.

CITY OF MAPLEWOOD, Missouri, Respondent.

No. 47881.

Missouri Court of Appeals, Eastern District, Division Three.

June 5, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1984.

Richard B. Dempsey, Union, for appellant.

Robert J. Bopp, Ballwin, for respondent.

1. All further statutory references are to RSMo (1978) unless otherwise noted.

2. Section 85.541, RSMo (1978) provides:
   1. Any city of the third class may by ordinance adopt a merit system police department. Such police department shall have a chief of police, and may have a deputy chief of police, and such a number of regular po-

CRANDALL, Judge.

This is the second appeal by plaintiff, John F. Ried, to this court from decisions of the circuit court affirming his discharge from the police department of the City of Maplewood. On the first appeal this court remanded the case to the circuit court for a determination of which of two statutes, § 85.541, RSMo (1978)[1] or § 85.551, governs the organization of the Maplewood Police Department. *Ried v. City of Maplewood*, 598 S.W.2d 171 (Mo.App.1980) (*Ried I*). On remand the circuit court, on an agreed stipulation of facts, determined that the city was not required to comply with either section, because Maplewood is a third-class city with a commission form of government, established pursuant to §§ 78.010–78.410, a fact which this court has held is of no consequence to the disposition of Ried's appeal. *Ried I* at 173.

The events giving rise to plaintiff's discharge are set out in *Ried I* and need not be repeated here. At this juncture plaintiff alleges only that the city failed to comply with the procedural requirements of § 85.-541, particularly in failing to afford him a public hearing before a police personnel board, § 85.541.2(5). Maplewood concedes that it did not give a public hearing pursuant to § 85.541.2(5) but contends that the trial court correctly determined neither § 85.541 nor § 85.551 is mandatory because Maplewood utilizes the commission form of government. Third-class cities with a commission form of government use a merit system for all employees except certain elected and appointed officers, *see* §§ 78.310–78.390.

The provisions of § 85.541[2] are clearly not mandatory. The statute simply

licemen of such rank or grade as may be prescribed by ordinance.
   2. Any ordinance adopting the merit system police department within the meaning of sections 85.541 to 85.571 shall include the following provisions for the appointment, promotion, suspension, demotion or discharge of members of the police department:
   (1) A personnel board shall be created which shall be composed of members of the

allows third-class cities to establish a merit system police department. Section 85.551[3] provides the alternative. We held in *Ried I* that one of these sections must apply to the Maplewood Police Department, but that the record was insufficient to determine which. We adhere to that ruling despite contrary authority. *See State ex rel. Lukas v. City of Sikeston*, 668 S.W.2d 127 (Mo.App.1984). Although the record is still sketchy, we conclude that the Maplewood Police Department complies with the provisions of § 85.551.

Third-class cities utilizing the provisions of § 85.551 are given substantial leeway in structuring their police departments. Aside from providing that the marshal shall be the chief of police, there are no formal structures established by the statute. The statute simply states that removal from, and the manner of appointment to, positions in the department shall be provided by ordinance. We conclude that the ordinance establishing Maplewood's commission government satisfies the requirements of § 85.551.

■ The ordinance establishing the commission form of government in Maplewood was enacted in 1949. That ordinance provides: "All city officers . . . shall be selected and hold their status pursuant to this ordinance, with the following exceptions: * * * (c) . . . marshal, chief of police . . . ." This is, however, the only reference to the office of marshal in the record. There are other references to the chief of police. Assuming the title of marshal is no longer used, this is not fatal to an otherwise valid department under § 85.551.

The statutes governing police departments in third-class cities at the time the ordinance was enacted were contained in §§ 85.540–85.600, RSMo (1949). These are substantially the same, albeit under a different organization, as the present §§ 85.-551 and 85.561. These were enacted together with § 85.541 in 1955. The effect of § 85.551 was to allow then-existing police departments to continue if the new merit system was not adopted. Section 85.561 is a compilation of various partial and complete sections of the old statute relating to powers and chain of command. The notable difference between the two, aside from the reorganization, is that various duties previously assigned to the marshal were assigned to the chief of police. This eliminates the need for the office of marshal, or, more precisely, use of that title in cities using the merit system, or a commission or city manager form of government, because the chief of police effectively fills that position. Indeed, none of these cities is required, by statute, to have a marshal. The office retains importance only in those cities having an elected marshal. *See* § 77.370. The absence of a marshal, therefore, is of no particular significance given that there is a chief of police. To hold otherwise would be to put form over sub-

---

largest and second largest political parties in equal numbers;

(2) The personnel board shall be required to give examinations to candidates for appointment or promotion and to certify lists of eligibles to the mayor or other appointing authority;

(3) The mayor or other appointing authority shall be required to appoint or promote from a list of eligibles so certified;

(4) All persons so appointed or promoted shall be entitled to hold office during good behavior and efficient service;

(5) Any person suspended, demoted or discharged for misbehavior or inefficiency shall, upon his application, be granted a public hearing before the personnel board.

3. Section 85.551, RSMo (1978) provides:
1. In cities of the third class which shall not have adopted the merit system police de-

partment provided for in sections 85.541 to 85.571, the marshal shall be the chief of police, and there also may be one assistant marshal, who shall serve for a term of one year and who shall be deputy chief of police; such number of regular policemen as may be deemed necessary by the council for the good government of the city, who shall serve for terms of one year; and such number of special policemen as may be prescribed by ordinance, to serve for such time as may be prescribed by ordinance.

2. The manner of appointing the assistant marshal and all policemen of the city shall be prescribed by ordinance. The council shall also, by ordinance, provide for the removal of any marshal, assistant marshal or policeman guilty of misbehavior in office.

stance by placing a greater emphasis on the title than is placed on the job.

Turning now to the Maplewood Police Department, it is clear from the record that there is a chief of police. In addition, the record clearly shows that there are established procedures for appointment and removal of police officers. Plaintiff concedes that he was accorded every right to which he was entitled by the ordinance. Section 85.551 guarantees him nothing more. *Ried I* at 173.

Plaintiff argues that the hearing he was given did not comply with § 85.541.2(5), and that he is therefore entitled to reinstatement. While it is undisputed that the hearing did not comply with that provision, we conclude that the city was not required to supply such a hearing. To hold otherwise would require establishment of a separate personnel board for police. We find no justification for such a duplication of effort, especially where the city council is already fulfilling the responsibility of providing a full review pursuant to §§ 78.310–78.390.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.