**Billy WILCOX, Respondent,**

v.

**CITY OF SAINT CHARLES, Missouri, et al., Appellants.**

No. 48343.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 18, 1984.

George A. Weible, City Atty., St. Charles, for appellants.

Charles E. Bridges, Bridges & Nichols, St. Charles, for respondent.

CRIST, Judge.

The City of St. Charles (city) appeals from the decision of the trial court invalidating the suspension of Officer Wilcox (officer), ordering reinstatement of officer with back pay and expungment of the suspension from his record. We affirm.

On December 11, 1982, officer was assigned to investigate an automobile accident. Upon his arrival, officer noticed one of the drivers involved in the accident appeared to be intoxicated. This driver was placed in the back seat of the police car, whose engine had been left running and the lights left on, while officer continued his investigation. The driver left the back seat, got into the driver's seat of the police car, and drove off. The officer fired one shot in an attempt to stop the car.

Officer's superior, Sgt. Powell, conducted an on-scene investigation as required by St. Charles Police Department General Order # 66 § II–B–1, 2. He reported the shot

was fired without justification. On December 15, 1982, a "shooting board" was convened under General Order # 66, § II–B–4 and it agreed with the conclusions of Sgt. Powell.

On December 20, 1982, officer was notified in writing of a ten-day suspension from duty without pay. The stated reason was:

> [y]ou failed to comply with Saint Charles Police Department General Order # 66, Section I–B–1 and that the stated requirements for use of a firearm were not present at the time you fired your weapon.

The notice then detailed his past record, and stated:

> [t]hese incidents indicate several occasions when you used poor judgment. *The length of your suspension is based upon this pattern of poor judgment.* (emphasis added.)

Officer appealed to the Police and Fire Personnel Board, which held a public hearing on January 5, 1983. The Board concluded:

> [t]hat the Officer in question exhibited poor judgment in allowing the subject to be unattended, unrestrained, in a vehicle with the engine running and a loaded weapon in the rack, which resulted in the community being subjected to a substantial risk. *The Officer's action in firing the shot did not violate Saint Charles Police Department General Order # 66, Section I–B–1.* (emphasis added.)
>
> We find there were errors that preceded the actual shooting incident which reflect a consistent pattern of poor judgment.

On officer's petition to the circuit court to review this decision, the court found officer had not been charged with exercising poor judgment in allowing driver to be left in the back seat of the police car. This finding is disputed by city. We find this issue in favor of officer, and it is dispositive of the appeal.

█ The letter serving as a notice advised officer of his suspension for firing a weapon without justification, a violation of General Order # 66, § I–B–1. He was further informed the length of the resulting suspension was based on prior reprimands on his record. The Police and Fire Personnel Board found him guilty of exercising poor judgment in putting an unattended driver in the back seat of the police car. It specifically found officer not guilty of violating the general order.

█ Any charge of "exercising poor judgment" was not stated specifically and with substantial certainty in the notice. The technical precision of a criminal indictment or information is not required. *Sorbello v. City of Maplewood,* 610 S.W.2d 375, 376 (Mo.App.1980). The notice need only fairly apprise the officer of the grounds upon which discipline is sought. *Schrewe v. Sanders,* 498 S.W.2d 775, 777 (Mo.1973). The letter here clearly advised officer of the alleged shooting violation, and of enhancement of the punishment for that violation due to prior indiscretions. *See Gollaher v. St. Louis County Civil Service Commission,* 667 S.W.2d 459, 460 (Mo.App.1984). As officer was not charged with "exercising poor judgment," the trial court did not err in reversing any discipline imposed on that charge. *McCallister v. Priest,* 422 S.W.2d 650, 654–656 (Mo. banc 1968).

We have considered appellant's other points relied on. We do not believe it expedient or necessary, in light of our disposition of this question, to address these points.

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.