STATE of Missouri, ex rel. Robert C. POWELL, Relator,

v.

Clarence WALLACE, Robert Reed, Henry Freddiking, Helen Robinson, Thomas Jenkins, James Harvey, Donald Garner, Edward Daniel, Ben Malone, James Hinton, Peter Meeat, Theresa Washington, Eleanor Battee, Respondents.

No. 50781.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 19, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Sept. 24, 1986.

Application to Transfer
Denied Nov. 18, 1986.

William R. Hirsch, Clayton, for relator.

Richard H. Edwards, Clayton, for respondents.

PUDLOWSKI, Judge.

Robert Powell (appellant) appeals from the judgment of the Circuit Court of St. Louis County, pursuant to Chapter 536, RSMo 1978,[1] which affirmed his removal as the Mayor of the City of Wellston by the Wellston City Council (Council). We affirm.

On September 24, 1984, the appellant received notice that a hearing was to be held before the Council on October 2, 1984, to determine whether the appellant should be removed from his office as mayor. Attached to the notice were Articles of Impeachment which alleged that the appellant:

(1) failed to competently manage the Wellston Police Department;

(2) abused his authority by declaring three nonexistent "civil emergencies" and thereby assumed complete control of the City treasury and bypassed the Council's role in the allocation and distribution of City funds;

---

1. All statutory references are to RSMo 1978.

(3) instituted bankruptcy proceedings on the behalf of Wellston without first consulting the Council;

(4) publicly lied to and misled the Council, the City of Wellston, and the media as to the nature and extent of the City's fiscal problems; and

(5) lacked the administrative ability to perform his public duties, was derelict and corrupt in his office, and refused to abide by City ordinances and state and federal laws.

On October 2, 1984, the hearing was held. An attorney, Ronald G. Sherod, acted as a hearing officer and presided over the proceedings where testimony was given and exhibits were identified and admitted. The appellant did not testify at the hearing. Following the presentation of evidence and a summation by the appellant's counsel, the Council deliberated and found against the appellant who was thereby removed as the Mayor of the City of Wellston.

Thereafter, the appellant petitioned for a writ of mandamus to order the Council to rescind its decision. On October 23, 1984, the appellant's request for a preliminary writ was denied and the cause was reassigned to be judicially reviewed pursuant to the Administrative Procedure and Review Act, Chapter 536. On July 10, 1985, the circuit court vacated the Council's decision on the ground that it failed to issue written findings of fact and conclusions of law. After remand, the Council issued a written decision on August 21, 1985, which again removed the appellant from his position as mayor. The circuit court then reviewed these findings and, on October 8, 1985, affirmed the Council's decision.

On appeal, the appellant raises three issues challenging the propriety of his removal. First, the procedures followed by the Council failed to comply with the minimum requirements of Chapter 536. Second, the Council's decision to remove the appellant was not supported by competent and substantial evidence upon the whole record. Third, the trial court erred in affirming the Council's decision because the Council based its decision on matters not in evidence and on findings of fact and conclusions of law not issued or sanctioned by the same members of the Council who initially voted to remove the appellant.

In his first point relied on, the appellant contests his removal on the ground that he was denied procedural due process by the Council's alleged failure to adhere to the requirements of Chapter 536. In particular, the appellant raises the following infirmities: (1) the Council failed to give the appellant timely notice of the removal hearing; (2) the Council failed to provide the appellant with definite and certain notice of the charges brought against him; and (3) the Council failed to provide a fair and impartial hearing.

■ The first of these infirmities is the appellant's contention that he was denied timely notice of the hearing. He argues that the notice he received was contrary to § 536.067(4) because service was made eight days before the hearing instead of the ten days required by statute. We disagree.

Although § 536.067(4) requires reasonable notice of at least ten days in a contested case, the statute also provides an exception for reduced notice "in cases where the public morals, health, safety or interest may make a shorter time reasonable." In the present case, the appellant was not denied procedural due process by the reduced notice period. The shorter period was reasonable under the circumstances because the people of Wellston had an important interest in the quick resolution of the controversy surrounding the mayor's office and the speedy return to the orderly administration of municipal affairs.

■ The appellant also contends that the notice was infirm because the charges were so indefinite and uncertain that he was unable to explain or deny the allegations raised. We disagree. In this case, the removal proceeding was instituted pursuant to the Administrative Procedure and Review Act, Chapter 536, and the statute for the removal of officers of third class cities, § 77.340. Since the appellant's re-

moval was undertaken as an administrative proceeding, the charges levied against him did not have to meet the technical precision of a criminal indictment or information. *Sorbello v. City of Maplewood*, 610 S.W.2d 375, 376 (Mo.App.1980). So long as the charges fairly apprised the appellant of the grounds for which his removal was sought, they were sufficient. *Id.* Here, the charges specifically described the nature of the appellant's acts or omissions which instigated his removal. Accordingly, the appellant could not have been confused about the factual allegations he was supposed to refute or explain.

The next procedural infirmity raised by the appellant is that he was denied a fair and impartial hearing because the Council was politically committed to his removal. He also contends that the impropriety of the hearing was exacerbated by the fact that Councilman Clarence Wallace had a conflict of interest which should have disqualified him from voting on the appellant's removal. We disagree.

■ Before the appellant may claim that he was denied a fair and impartial hearing, he must first overcome the presumption in favor of the honesty and integrity of those serving as adjudicators. *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975). Here, the appellant failed to produce any evidence that the Council was incapable of fairly adjudicating his removal. Likewise, the fact that the Council both initiated the charges against the appellant and then tried the matter was not, of itself, a denial of due process. *In re Duncan*, 541 S.W.2d 564, 568 (Mo. banc 1976).

■ Moreover, even if the actions of the Council had evidenced possible bias, its adjudication of the appellant's removal would not have been constitutionally intolerable. Pursuant to § 77.340, the Wellston City Council was the sole instrumentality authorized to remove the City's mayor. In those instances where the only forum authorized by statute would be unable to proceed, the Rule of Necessity could be invoked to permit a decision to be made by the adjudicat-

ing body in spite of its possible bias or self-interest. *United States v. Will*, 449 U.S. 200, 101 S.Ct. 471, 480–481, 66 L.Ed.2d 392 (1980).

■ In opposition, the appellant erroneously contends that the removal proceedings could have been brought pursuant to the statutory provisions for the removal and impeachment of county and municipal officers. Sections 106.220–106.300. Those sections apply only where no other particular statute governs. *State ex rel. Davis v. Peters*, 94 S.W.2d 930, 935 (Mo.App.1936) (discussing § 11202, RSMo 1929, the statutory predecessor to § 106.220).

■ Furthermore, the appellant's contention that his right to a fair and impartial tribunal was denied by the participation of Councilman Wallace is irrelevant. Although Mr. Wallace, who was allegedly motivated by self-interest, sat with the other Council members at the appellant's hearing and voted for his removal, Mr. Wallace did not sign the findings of fact, conclusions of law, and decision of August 21, 1985, which the Council rendered after the circuit court vacated the Council's original decision. Thus, Mr. Wallace's participation in the initial decision was not prejudicial.

In addition to these contentions, the appellant raises sixteen more infirmities which allegedly led to the denial of procedural due process. We have reviewed these allegations and find no prejudicial error. An extended discussion of them would serve no precedential value. Rule 84.16(b). The appellant's first point is denied.

■ In his next point relied on, the appellant contends the Council's decision was not supported by competent and substantial evidence upon the whole record. We disagree. On review, we presume the Council's decision to be correct. *White v. Division of Family Services*, 634 S.W.2d 258, 260 (Mo.App.1982). We also consider the evidence in the light most favorable to the Council. *Ballew v. Ainsworth*, 670 S.W.2d 94, 102 (Mo.App.1984).

■ Section 77.340 authorizes the removal of an elective officer of a third class city "for cause shown" upon the two-thirds vote of a city council. In the present case, the Council brought five charges against the appellant. Any one of these allegations alone, if supported by competent and substantial evidence, would be sufficient to sustain his removal. The evidence at the hearing focused on the appellant's declaration of nonexistent civil emergencies followed by his unilateral issuance of City checks in violation of a court order.

The evidence established that the Circuit Court of St. Louis County issued a peremptory judgment in mandamus on May 2, 1984, ordering Wellston's municipal funds to remain in the City's depository, with the appellant and the Wellston City Treasurer as the "required signatories." The circuit court further ordered the City Treasurer to draw checks for payment of "any warrant issued and approved by the City Council and Mayor of Wellston, if there shall be enough money in the depository...."

At the hearing, the City Treasurer testified that none of the City checks issued during June 1984 were signed by him. Nor did he refuse to sign them. City records indicated that the checks written after the circuit court's order contained only the appellant's signature. Moreover, these checks were not in payment for any warrant issued and approved by the Council. From the record on appeal, it is clear that the appellant justified his violation of the court order and his unilateral issuance of City checks on the basis of the civil emergencies he declared. However, the evidence adduced during the hearing established that no civil emergencies ever existed.

Certainly, when the whole record is considered in the light most favorable to the Council, the Council's decision to remove the appellant from office was supported by competent and substantial evidence. The appellant's second point is denied.

■ In his last point relied on, the appellant claims the trial court erred in affirming the Council's decision because its findings of fact and conclusions of law were not rendered by the same Council members who originally voted to remove the appellant. He also contends that the Council based its decision on matters not in evidence. We disagree.

On July 10, 1985, the circuit court vacated the Council's original decision for the reason that the Council failed to issue written findings of fact and conclusions of law. The court then directed the Council to render "a decision not inconsistent with this order or the laws of the State of Missouri." At the time of remand, however, a municipal election had intervened and the Council was no longer composed of the same members who participated in the October 2, 1984, hearing. Nonetheless, on August 21, 1985, the reconstituted Council submitted a written decision, including findings of fact and conclusions of law, again removing appellant from office.

In this case, the trial court did not err in affirming the appellant's removal because the Council's written decision was prepared and signed by several Council members who did not assent in the original decision. For purposes of rendering a decision on remand, the Council was not required to be composed of the same members who participated in the original proceeding. *Schrewe v. Sanders*, 498 S.W.2d 775, 777–778 (Mo. 1973). Section 536.080.2 only requires that "each official of an agency who renders or joins in rendering a final decision [in a contested case] shall, prior to such final decision, *either* hear all the evidence, read the full record including all the evidence, *or* personally consider the portions of the record cited or referred to in the arguments or briefs." (emphasis added). Here, the reconstituted Council stated in its written decision that it considered "the testimony given, evidence adduced, and arguments of counsel" prior to rendering a decision. Thus, the Council's written decision was issued in accord with the procedure set forth in § 536.080.2. In no way was the appellant prejudiced by the Council's change in membership.

The appellant further alleges that the Council's written decision was based on evidence not presented at the October 2, 1984, hearing. The appellant, however, does not enlighten us as to what evidence the Council improperly considered. The appellant's third point is denied.

Judgment affirmed.

CRANDALL, P.J., and KELLY, J., concur.