Jackie R. JACKSON, Respondent,

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 56850.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 27, 1990.

James Artelle Chenault, III, Jefferson City, for appellant.

Chris Jordan, Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Missouri Director of Revenue, appeals from the Circuit Court's reversal of a decision by an administrative law judge ordering respondent's, Jackie R. Jackson's vehicle registration suspended for a term of sixty (60) days. We reverse the decision of the circuit court.

Respondent gave his girlfriend, Lisa Troyer, permission to drive his 1988 Chevrolet Astrovan on March 26, 1988. Ms. Troyer had an accident with the van while she attempted to back out of a shopping center's parking lot. Unknown to Ms. Troyer, respondent did not carry insurance on the van. An accident report was filled out in which Ms. Troyer did not indicate whether the van was insured at the time of the accident. On April 28, 1988, the appellant sent a letter to respondent requesting him to supply appellant with the name of his insurance company, his policy number, and the effective date of the policy. This letter referred to the accident of March 26 and further notified respondent that if he did not provide appellant with the requested information, further action would be taken. Respondent did not provide the information.

On May 26, 1988, respondent received notice that his vehicle registration would be suspended effective June 28, 1988, for sixty (60) days. In relevant part, the notice indicated that: 1) the suspension was due to respondent's "involvement in a motor vehicle accident" on March 26, 1988; 2) the suspension was the result of the appellant's determination that respondent failed to maintain financial responsibility (insurance); and 3) the statutory grounds for this suspension were RSMo § 303.025 (1986) through § 303.041 (1986). On August 22, 1988, an administrative law judge found, after a hearing, that the above notice was sufficient under RSMo § 303.025 and ordered respondent's vehicle registration suspended for sixty (60) days.

The circuit court reversed and found the above notice insufficient because it failed to adequately apprise respondent of the reasons for his suspension and because it failed to cite the statutory grounds for the suspension. Appellant's sole point on appeal is that the notice is sufficient. We agree.

Missouri Revised Statute § 303.041 (1986) provides, in pertinent part, as follows:

> "The notice of suspension shall clearly specify the reason and statutory grounds for the suspension...."

While we cannot classify appellant's notice as a shining example of clarity or specificity, we do believe it satisfies the requirement of RSMo § 303.041.1. In administrative proceedings, notice is sufficient so long as it fairly apprises the noticee of the grounds upon which action is to be taken. *State ex rel. Powell v. Wallace*, 718 S.W.2d 545, 548 (Mo.App., E.D.1986); *Sorbello v. City of Maplewood*, 610 S.W.2d 375, 376 (Mo.App., E.D.1980).

The circuit court held that the reason for the suspension was insufficient because the facts stated did not amount to a violation of any statute. However, we note that since an owner is required by statute to carry insurance, the notice's statement that respondent's failure to carry insurance necessitates suspension does state facts amounting to a violation. Moreover, the grounds in the notice do not need to meet the more rigid, technical requirements of criminal indictments or informations. *Wallace*, 718 S.W.2d at 548. The notice in this case informed respondent that his suspension was brought about by the March 26 accident and from his failure to maintain insurance. This is sufficient notice to respondent of appellant's grounds for suspension.

The circuit court also found that the statutory reference to RSMo § 303.025 through § 303.041 was not specific enough. These sections comprise five separate statutes, four of which are pertinent to respondent's situation.[1] Respondent violated RSMo § 303.025 and his suspension was authorized under RSMo § 303.041.1. These statutes are included in those listed on the notice and the addition of three other statutes not directly utilized did not render the notice inadequate.[2]

Respondent has not challenged the finding by both the administrative law judge and the circuit court that the respondent did violate RSMo § 303.025. Since we find that appellant satisfied the notice requirement of RSMo § 303.041.1, the judgment of the circuit court is reversed and the decision of the administrative law judge suspending respondent's vehicle registration is reinstated.

REINHARD and CRIST, JJ., concur.

---

1. RSMo § 303.026 (1986) provides the Director of Revenue sampling methods to determine compliance with Missouri's financial responsibility laws.

2. RSMo § 303.040 required that the accident report be submitted to the Director of Revenue, which was done in this case. RSMo § 303.030 would have applied if bodily injury or death to a party had occurred or if the damages to property had exceeded $500.00.