Myra **PERKINS,** Plaintiff/Appellant,

v.

Sylvester **CALDWELL** and City of Pine Lawn, Missouri, Defendants/Respondents.

No. ED 96683.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 24, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 2012.

Application for Transfer Denied May 1, 2012.

Kenneth J. Heinz, St. Louis, MO, For Plaintiff/Appellant.

Donnell Smith, St. Louis, MO, For Defendants/Respondents.

SHERRI B. SULLIVAN, J.

*Introduction*

Myra Perkins (Appellant) appeals from the trial court's judgment entered after a bench trial denying her requests to enjoin the impeachment and removal of her as an alderman of Respondent City of Pine Lawn (Pine Lawn) and her claims for damages. We dismiss in part and affirm in part.

*Factual and Procedural Background*

On June 14, 2010, the Board of Aldermen of Pine Lawn (the Board), with the approval of Mayor Sylvester Caldwell (Mayor Caldwell), filed Articles of Impeachment against Appellant. Article 1 charges Appellant with Obstruction of Justice in 1) unlawfully demanding the release of a man believed to be her son, Clarence Johnson, from the custody of the Pine Lawn Police Department when he had an active warrant from Velda City, Missouri; 2) unlawfully demanding the release of lawfully seized persons in the custody of the Pine Lawn Police Department; 3) interfering with the conduct of investigations by the Pine Lawn Police Department in conjunction with a sobriety checkpoint; and 4) endeavoring to unlawfully influence police officers in the performance of their official duties; namely, dismantling a duly authorized sobriety checkpoint. Article 2 charges Appellant with Conduct Unbecoming of an Elected Official in 1) while intoxicated, verbally harassing police officers while in the performance of their official duties; 2) repeatedly and unlawfully refusing to obey police directives to exit secured police areas; 3) unlawfully attempting to access secure and confidential police computer records; and 4) unlawfully attempting to interfere with the performance of official police duties; namely, conducting a lawful sobriety checkpoint.

The Board held the impeachment hearing on June 24, 2010. Appellant presented a Motion to Disqualify Mayor Caldwell on the grounds of bias and prejudice. The hearing officer said he had sufficient time to review the Motion which he denied. However, upon request the hearing officer allowed Appellant's attorney to examine the mayor under oath. The hearing officer then denied the motion again after the questioning was finished. Appellant then asked the Board collectively whether any of its members had previously formed an opinion with regard to the truth or falsity of the acts alleged in the Articles of Impeachment. No member acknowledged such. At this point, the hearing officer denied further questioning of the Board, sustaining the Board's objection to further voir dire of the Board at that time. Testimony was then heard from three police officers and Appellant. Appellant's counsel maintained that he had not been given

time to review certain records just disclosed to him from Pine Lawn subject to his Sunshine records request. The hearing officer asked him if he would like time to review them, and a recess was had for such purpose. After the hearing, a majority (6–2) of the Board voted to impeach Appellant and remove her from office.

On July 23, 2010, Appellant filed a petition in the trial court against Pine Lawn and Mayor Caldwell. Counts I and II of her petition sought injunctive relief for improperly impeaching and removing her from office; Count III sought damages based on a claim for general deprivation of Appellant's constitutional rights and for conspiracy; and Count IV sought civil penalties, money damages, injunctive relief, costs and fees based upon an alleged violation of Section 610.023 [1] (the Sunshine Law) for failure to produce requested records prior to the impeachment hearing.

On March 11, 2011, the trial court entered judgment in favor of Respondents Pine Lawn and Mayor Caldwell on Counts I, II and IV of the petition. On April 8, 2011, the trial court dismissed the only remaining count, Count III. This appeal follows.

## Points Relied On

In her first point, Appellant contends the trial court erred in entering judgment upholding her impeachment because her actions were within her statutory and constitutional rights as an alderman and citizen to speak out about prisoner overcrowding and alleged illegal unannounced police sobriety roadblocks.

In her second point, Appellant maintains the trial court erred in entering judgment upholding her impeachment because the hearing before the Board was held in violation of her due process rights under the

Missouri and Federal Constitutions, and specifically her procedural hearing rights under Section 536.140, in that the Board refused to disqualify Mayor Caldwell and to allow Appellant's attorney to question the Board as to any bias or prejudging.

In her third point, Appellant claims the trial court erred in entering judgment in favor of Pine Lawn because the evidence overwhelmingly showed that it violated the Sunshine Law by failing to produce requested records prior to the hearing.

## Standard of Review

Our review of the impeachment proceedings in this case is governed by Chapter 536 of the Revised Statutes of Missouri, the Missouri Administrative Procedure Act. *State ex rel. Brown v. City of O'Fallon,* 728 S.W.2d 595, 596 (Mo.App. E.D.1987); *State ex rel Powell v. Wallace,* 718 S.W.2d 545, 547 (Mo.App. E.D.1986). We normally presume the correctness of the decision by a city council sitting as a board of impeachment and uphold that decision if it is supported by competent and substantial evidence, which we view in the light most favorable to the council's determination, disregarding all contrary evidence. *Fitzgerald v. City of Maryland Heights,* 796 S.W.2d 52, 59 (Mo.App. E.D. 1990); *Wallace,* 718 S.W.2d at 548. A party challenging the impartiality of councilmen sitting on a board of impeachment must first overcome the presumption in favor of the honesty and integrity of those serving as adjudicators. *Fitzgerald,* 796 S.W.2d at 59; *Wallace,* 718 S.W.2d at 548.

## Points I and II

In her first point, Appellant asserts that speaking out about prisoner overcrowding and allegedly illegal unannounced police sobriety roadblocks are ac-

1. All statutory references are to RSMo 2006, unless otherwise indicated.

tions within her civil rights as a citizen and statutory rights as an alderman. Therefore, she contends, the trial court erred in upholding the Board's impeachment and removal of her from the office of alderman. In her second point, Appellant maintains that the Board should have disqualified Mayor Caldwell and allowed Appellant to question the Board as to any bias or prejudgment it may have against Appellant. Appellant maintains its failure to do so violated constitutional provisions by resulting in a proceeding that may not have been conducted by an impartial tribunal, free of bias, hostility and prejudgment. *Brown*, 728 S.W.2d at 596; *Jones v. State Dept. of Public Health and Welfare*, 354 S.W.2d 37, 40 (Mo.App.1962).

The question presented by the merits of Appellant's claim is whether the Board gave Appellant a reasonable opportunity to present evidence on the issue of bias. See *Brown*, 728 S.W.2d at 596. Section 536.063(3) states that "[r]easonable opportunity shall be given for the preparation and presentation of evidence bearing on any issue raised." *Brown*, 728 S.W.2d at 596. However, a threshold question in any appellate review of a controversy is the mootness of the controversy. *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo.App. W.D.1998). In terms of justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy. *Id.* "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *State ex rel. Wilson v. Murray*, 955 S.W.2d 811, 812–13 (Mo.App. W.D.1997). When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. *Chastain*, 968 S.W.2d at 237. "Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion." *Gilroy–Sims and Assoc. v. City of St. Louis*, 697 S.W.2d 567, 569 (Mo.App. E.D.1985).

On these claims in her petition Appellant seeks injunctive relief, namely reinstatement as alderman. However, Appellant's term as alderman expired in April, 2010. As such, despite her impeachment and removal, she would no longer be occupying her elected position of alderman. The expiration of her term as alderman is the intervenient event making this Court's decision unnecessary, because it makes granting effectual relief by this Court legally impossible. *Chastain*, 968 S.W.2d at 237. Any judgment rendered would merely be a hypothetical opinion. *Gilroy–Sims*, 697 S.W.2d at 569. Furthermore, such relief is logically impossible, because if she were reinstated as an alderman in Pine Lawn, such reinstatement would oust the present duly elected office holder.

Because the expiration of Appellant's term as alderman makes any decision by this Court unnecessary and hypothetical and her requested relief for these claims legally and logically impossible, Points I and II are dismissed as moot.

### *Point III*

Appellant also claims that Pine Lawn violated the Sunshine Law by failing to produce the records she requested prior to the impeachment hearing.

The Sunshine Law requires each public governmental body to appoint a custodian of its records and, upon request, make available the custodian's identity and location. Section 610.023.1. By statute, therefore, the custodian of records is identified as the single recipient for all requests for access to a governmental body's records. *Anderson v. Village of Jackson-*

*ville,* 103 S.W.3d 190, 198 (Mo.App. W.D. 2003). The custodian must act on a records request within three business days after receiving it. Section 610.023.3. Accordingly, Appellant's claim has three elements to be proven: (1) she requested access to a public record; (2) the custodian of records received the request; and (3) the custodian did not respond within three business days thereafter. *Anderson,* 103 S.W.3d at 194–95.

Here, Appellant has not demonstrated what request for access was denied to her. The record before the Board indicates two faxed requests sent by Appellant's counsel on June 17, 2010, one file-stamped received by Pine Lawn on June 18, 2010 and one file-stamped received on June 23, 2010. There is a large packet of responsive materials in the record faxed June 21, 2010 to Appellant's counsel, which are the copies of all the agendas and minutes for all the Board meetings from July 1, 2009 to present; and all the police incident reports, investigative records, arrest records, memos, letters, pictures, videos, recordings or notes regarding Appellant or her conduct regarding sobriety check points or handling prisoners from July 1, 2009 to present, as asked for by Appellant in her Sunshine Act request.

Appellant admits that the records she requested were in fact produced to her by Pine Lawn on the day of the hearing, June 24, 2010, but that production on that date did not give her enough time to prepare for the hearing. However, the transcript of the Board hearing reveals that Appellant's attorney asked for and received time during the hearing to review a memo regarding Appellant's conduct at the Pine Lawn police station on September 4, 2009, created at the request of one of the testifying officers, that was provided to Appellant's counsel on the day of the hearing.

Therefore, Appellant's counsel had time to review this memo.

Based on the foregoing, we find that Appellant failed to demonstrate that Pine Lawn violated any provision of the Sunshine Law. Point III is denied.

### Conclusion

Points I and II are dismissed as moot. As to Point III, the judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.