Albert **SCHREWE**, Appellant,

v.

James L. **SANDERS** et al., Respondents.

No. 57034.

Supreme Court of Missouri, Division No. 2.

Sept. 10, 1973.

Hale W. Brown, Kent E. Karohl, Kirkwood, for appellant.

Robert W. Van Dillen, City Counselor, John J. Fitzgibbon, Associate City Counselor, St. Louis, for respondents.

HOUSER, Commissioner.

This is a proceeding brought under the Administrative Procedure and Review Act,

Chapter 536, RSMo 1969, V.A.M.S., to review a decision of the Board of Police Commissioners of the City of St. Louis finding Patrolman Albert G. Schrewe guilty of conduct unbecoming of an officer and removing and dismissing him from the police department. The circuit court affirmed the board's action and Patrolman Schrewe filed a notice of appeal prior to January 1, 1972.

Two charges in writing were laid against appellant.

The first was a charged violation of Rule 7, § 7.102 of the Police Manual of the St. Louis Metropolitan Police Department relating to "Conduct Unbecoming of an Officer," and the specification was "That Patrolman Albert Schrewe, Department Serial Number 2060, while assigned to the Sixth Police District of the St. Louis Metropolitan Police Department, at approximately 5:40 P.M. on June 6, 1967, while conveying George E. Murray, who was strapped to a stretcher in the rear of a cruising patrol car, did near 7917 North Broadway, stop said vehicle and enter the rear of said vehicle and strike George E. Murray several times about his body with his nightstick."

Appellant challenges this as incomplete and insufficient to advise him as to the nature of the charge, contending that he has a right to be advised as to the exact nature of the complaint made against him by some charge equivalent to an indictment or information, and that under Charge 1 his right to be advised of the charge was denied him; that the mere striking of one in custody under provocation with reasonable and necessary force would not be in violation of Rule 7. By implication appellant is asserting the insufficiency of the charge on the ground that it does not allege that he struck Murray without provocation and with unreasonable and unnecessary force.

A charge under the police manual must be stated specifically and with substantial certainty, although the technical precision required in an indictment or information is not necessary. "It is sufficient if the charges fairly apprise accused of the offenses for which it is sought to remove him." 62 C.J.S. Municipal Corporations § 578, p. 1132. Thus a charge of "general inefficiency" is sufficient. McCallister v. Priest, 422 S.W.2d 650 (Mo. banc 1968). Here appellant is charged with striking a certain person several times about the body while "strapped to a stretcher," at a certain time and place. This specification is sufficient to fairly and adequately advise Patrolman Schrewe that he is charged with striking a helpless private citizen. The allegation that the individual was strapped to a stretcher made it unnecessary to further allege that the striking was without provocation and with unreasonable and unnecessary force. These elements are plainly implied.

Appellant's second point is that the findings and conclusions of the board of police commissioners were not rendered by a majority of the board members who heard the evidence, observed the witnesses and determined the vital issue of credibility; that appellant was thereby denied a full, fair, and impartial hearing. Between time of hearing and time of decision two of the four members of the board who participated in the hearing were replaced by two new members. The new members read the transcript and evidence before joining in the unanimous decision rendered. The incoming commissioners having read and considered the transcript and evidence it was not necessary to conduct a second hearing. The applicable statute, § 536.080, subd. 2.,[1] recognizes that an agency official may join in rendering a final decision if, prior to such decision, he reads the full record including all the evidence. In Ditt-

[1] "In contested cases, each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, either hear all the evidence, read the full record including all the evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs. * * *"

meier v. Missouri Real Estate Commission, 316 S.W.2d 1 (Mo. banc 1958), this Court held that under the then-existing statute [2] a second hearing of pending matters was not necessary upon appointment of a new member of the board of real estate commissioners; that if a newly appointed commissioner read the evidence presented to the other commissioners, an opportunity need not be afforded to present arguments to the commissioners rendering the decision. That it is not necessary that a member of an agency who participates in a decision shall have participated in the hearing, but that he may act officially on the basis of the written record alone, is attested by the rule applicable to record review by an administrative body of the findings of a referee who hears the witnesses and makes the initial findings. In such case the administrative body is not bound by the findings of the referee but may (and it is its duty) to review the record and determine therefrom the credibility of the witnesses and the weight to be given their testimony, resolve conflicts in the testimony, and as a fact finding tribunal reach its own conclusions, independently of the findings made by the referee. Brown v. Griesedieck Western Brewing Co., 250 S.W.2d 803, 809 [3, 4] (Mo.App. 1952). In Gearhart & Otis, Inc. v. Securities and Exchange Commission, 121 U.S.App.D.C. 186, 348 F.2d 798, 802 [6] (1965) the court stated the rule to which we adhere: "The decisions of numerous courts [3] and administrative agencies [4] establish that, even without agreement of the parties, a member of an administrative agency who did not hear oral argument may nevertheless participate in the decision where he has the benefit of the record before him." In Lacomastic Corporation v. Parker, 54 F. Supp. 138, 142 [8] (D.Md. 1944), seven federal cases were cited for the well-established proposition that " * * * the fact that the member or members of the administrative agency who ultimately decide the case have not heard the witnesses or argument or prepared the findings of fact and conclusions of law does not constitute a denial of due process." We therefore hold that since § 536.080, subd. 2, permits a commissioner to join in rendering a final decision if prior thereto he reads the full record, and since no rule demands that he be personally present to hear and observe the witnesses as they testify and procedural due process does not necessarily require it, the hearing granted in this case was reasonable and adequate where all of the testimony and evidence was before all members of the board who joined in the decision. See McGraw Electric Co. v. United States, 120 F.Supp. 354, 358–359 (E.D.Mo. 1954), affd., 348 U.S. 804, 75 S. Ct. 45, 99 L.Ed. 635.

▪ Appellant claims prejudice by the very fact that the board of police commissioners heard and considered evidence on Charge 2, in which appellant was charged with violation of Rule 7, § 7.101 of the police manual relating in applicable part to failure to obey the orders of a superior officer. The board, however, upon due consideration, found appellant not guilty on Charge 2. Nevertheless, appellant argues that "the very nature of the charge as part of the proceedings could only have raised prejudice in the minds of the Hearing Board * * *." It is not explained in what manner appellant was or could have been prejudiced by the mere filing of the charge and hearing of evidence thereon, when the allegedly prejudiced board of commissioners acquitted him on that charge. We hold that appellant, having

---

2. "Whenever in a contested case, all of the officials of the agency who are to render the final decision do not hear or read the evidence, such decision shall not be rendered by the agency until each party to the proceedings has been afforded an opportunity to present argu-

ments, either oral or written, to all of the officials who are to render the decision. * * *"

3. citing six federal cases

4. citing four administrative decisions

prevailed on Charge 2, suffered no harm by the filing and introduction of evidence in support and in defense of the charge. Wasem v. Missouri Dental Board, 405 S. W.2d 492, 496 (Mo.App. 1966).

Appellant makes the point that the board's Findings of Fact Nos. 4, 11 and 14 are not supported by competent and substantial evidence on the whole record.

The police department was informed that a man was "down" on the sidewalk at a certain intersection. A police cruising patrol vehicle, driven by appellant, was summoned to the scene. The subject involved, George E. Murray, was placed upon and for safety's sake was strapped to a stretcher, and placed inside the patrol wagon. Appellant started driving to a hospital. On the way appellant (by his own admission) stopped the patrol wagon, entered the wagon through the rear door, struck Murray (appellant claims only once) while Murray was on the stretcher, resumed the trip and proceeded to the hospital. When Murray was examined at the hospital he was found to have a broken nose. His chest, legs and face were bruised and swollen. His right ear was cut all the way through.

One contested issue of fact was Murray's physical condition before the beating, as he lay on the sidewalk. Finding of Fact No. 4 follows: "Mr. Murray did not appear to be injured at the scene and prior to being put in the cruising patrol vehicle had only a bruise on his right wrist." Murray testified that he did not have any bruises on his body before he fell. Witness Rixman saw Murray on the sidewalk, went to him and held him in his arms. Rixman did not notice anything unusual about Murray's head at that time; there was nothing wrong with his head. There was nothing unusual about his right ear. There were no marks "on his ears or anything"—no marks at all; no marks on his nose or face. There was nothing unusual about his nose, hands, forearms or wrists, except that he had a little red mark on his right hand—a little red spot the size of a half dollar right above his wrist. When Rixman saw Murray at the hospital next day Murray's face was "all messed up." The side of his face was swollen. He had blue marks on the side of his ear, which was caked with blood, swollen and looked like it had been cut. Rixman also saw marks on his shoulder, body and legs; blue marks on his knees; a bump below the knee cap. Asked to compare Murray's condition in the hospital with his condition lying on the sidewalk Rixman answered "It was a different condition altogether." A department investigator testified that he observed Murray at the hospital. He saw a deep cut on the right ear; a bruise on the right side of his face; scratches or skinned places on his trunk and legs.

Another contested issue of fact was whether Patrolman Schrewe beat Murray with his nightstick once or several times. In Finding of Fact No. 11 the board found that he beat Murray with his nightstick several times while Murray was strapped down. Witness Honea testified that the officer stopped the vehicle, got out, reached back in and got a nightstick, opened the back door of the vehicle, crawled up in the van "as if to be straddling somebody" and "started swinging and hitting something, what appeared to be somebody"; that he heard a groan as of a person in pain; that he observed in the vicinity of six or eight striking motions; that after the officer hit the subject several times in what he guessed was the vicinity of the head the officer backed up two steps and took a jabbing motion into the subject four or five times. Witness Sprick testified to substantially the same facts. He estimated the number of striking motions at six, eight or ten. Witness Anderson saw the same thing and testified that the officer made four, five or six downward swinging motions as he beat the man inside the vehicle.

▇▇ Appellant contends that Findings 4 and 11, and Finding 14 (that because of these acts Patrolman Schrewe was guilty of conduct unbecoming of an officer "in striking a prisoner who was strapped down, with unreasonable and unnecessary force, considering the circumstances") are "refuted" by the witness Roy Dean Jones, another police officer, and by "the record generally." The fact that there is a conflict in the testimony—that there was evidence in support of Patrolman Schrewe's version of what happened—does not impeach a contrary finding supported by substantial competent evidence. We may not substitute our judgment for that of the administrative tribunal. We are authorized to decide whether the tribunal could reasonably have made its findings and reached its result upon consideration of all the evidence before it, and to set aside decisions clearly contrary to the overwhelming weight of the evidence. State v. Simmons, 299 S.W.2d 540, 542 [3] (Mo.App.1957). Findings 4, 11 and 14 are supported by competent and substantial evidence on the whole record. The board of police commissioners could reasonably have made its findings and reached its result upon this record. Its decision is not contrary to the weight of the evidence. Patrolman Schrewe had a fair, full and complete hearing before the board of police commissioners without procedural error. The action of the circuit court was free of error and its judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., DONNELLY, C. J., and MORGAN, J., concur.

FINCH, J., not a member of Division when cause was submitted.