**PHIL CROWLEY STEEL CORPORATION, Petitioner–Appellant,**

v.

**Richard A. KING, Director of Revenue, State of Missouri, Respondent–Respondent.**

**No. 55638.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1989.

Application to Transfer Denied Nov. 14, 1989.

---

Thomas J. Frawley, Lawrence G. Gillespie, Edgar, Frawley & Gillespie, Webster Groves, for petitioner-appellant.

William L. Webster, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

HAMILTON, Judge.

Appellant–Phil Crowley Steel Corporation (hereinafter Crowley) appeals from the circuit court's denial of its petition for review of a sales and use tax assessment for the period July 1, 1975 through May 31, 1977. We reverse and remand this cause for further proceedings.

Following an audit, informal hearing, and timely appeal, the Department of Revenue (hereinafter Department) conducted an evidentiary hearing on March 28, 1979, before Assistant General Counsel Dennis Hoffert concerning an assessment of sales and use tax of $21,053.74 for the period of July 1, 1975 through May 31, 1977.

Crowley presented two witnesses: Lucille Okenfuss, a retired bookkeeper who worked for Crowley during the assessment period, and Phillip Crowley, president of Crowley. Okenfuss explained a complicated method of bookkeeping using pages from her purchase records compiled during the assessment period. She stated that

Crowley purchased materials from both in-state and out-of-state suppliers for use in construction jobs within and outside of Missouri. During the assessment period, Okenfuss had paid use tax regardless of whether the vendor was a Missouri or an out-of-state vendor. Okenfuss testified that, as a result, she had to cross-reference the purchase journal with the job number and job description in order to determine whether sales or use tax was due. Okenfuss then used the listing of tax liability cross-referenced with the job description to point to disagreement with the assessed liability. She testified that Crowley had paid tax on some of the jobs for which the audit assessed liability. Further, she testified that some jobs listed as Missouri jobs were really Illinois jobs and that some of the materials purchased were used in the plant. Some of the materials listed as a basis for liability were actually used in jobs for tax-exempt organizations. She further testified to duplicate entries on the listing of tax liability. Phillip Crowley testified on aspects of the business and corroborated portions of the Okenfuss testimony.

Following the hearing, Phillip Crowley submitted a thirty-two page affidavit detailing tax paid on assessed items, tax paid in Missouri for Illinois jobs, jobs listed as a basis for Missouri liability which were actually Illinois jobs, items purchased as component parts in the manufacturing process, materials bought for expansion of the plant facility, and duplicate items. Crowley's affidavit indicates a balance due of $1,319.26.

The Department of Revenue presented Charles Jaegers, an auditor, and Robert Waugh, the supervising auditor. Jaegers explained the audit process and testified that he used Crowley's purchase journals and relied on Mr. Pochon, an employee of Crowley, for additional clarification. He talked neither to Phillip Crowley nor to Lucille Okenfuss during the trial. Jaegers assessed the sales and use tax liability at $21,053.74. He did testify, however, that at least one duplicate listing existed and that he was unable to determine where Crowley used all the materials purchased.

On June 7, 1984, a different assistant general counsel for the Department of Revenue, Mary Ann Gerber, issued a decision that the assessment of $21,053.74 by the auditors was correct. The findings of fact issued by Ms. Gerber consist of five numbered paragraphs. Paragraph one identifies Crowley as a Missouri corporation accepting jobs within and outside Missouri. Paragraph two states the audit results. Paragraph three outlines the basis for the auditor's assessment, but fails to refer to any of the additional evidence presented at the hearing or in Crowley's affidavit. Paragraphs four and five simply state the dates of the informal and formal hearings following the assessment. The basis for the decision is the taxpayer's failure to meet its burden of proving error.

■ Section 536.140 RSMo.1986 sets forth the scope of review for administrative agency actions. Review is of the Director of Revenue's decision, not of the judgment of the circuit court. *Knapp v. Missouri Local Gov't Employees Retirement Sys.*, 738 S.W.2d 903, 912 (Mo.App.1987). Review is limited to a determination of whether the Director's decision is supported by competent and substantial evidence upon the whole record; whether it was arbitrary, capricious, or unreasonable; or whether the Director abused his discretion. Section 536.140.2 RSMo.1986; *Evangelical Retirement Homes of Greater St. Louis, Inc. v. State Tax Comm'n*, 669 S.W.2d 548, 552 (Mo. banc 1984); *Hermel, Inc. v. State Tax Comm'n*, 564 S.W.2d 888, 894 (Mo. banc 1978). The evidence must be considered in the light most favorable to the agency decision in question, along with all reasonable inferences that support it. *Shell Oil Co. v. Director of Revenue*, 732 S.W.2d 178, 180 (Mo. banc 1987). Further, if the evidence would support different findings, the reviewing court is bound by the agency's decision. *Hermel*, 564 S.W.2d at 894.

On appeal, Crowley contends (1) the assessment decision is arbitrary and capricious because the findings of fact upon which it is based, which merely set forth a procedural chronology of the case, fail to resolve any factual disputes, and (2) both

the five year delay between hearing and decision, and the change in hearing officer denied Crowley due process.

■ In its first point, Crowley asserts that the Director of Revenue failed to comply with § 536.090 RSMo.1978, requiring every decision in a contested case to include findings of fact. The statute states, that "[t]he findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order." § 536.090 RSMo.1978. The exact nature of these findings and the degree of particularity has not been accurately defined. *State ex rel. Empire Dist. Elec. Co. v. Public Serv. Comm'n,* 714 S.W.2d 623, 628 (Mo.App.1986). Courts have attempted, however, to set limits of acceptability and to devise tests for the sufficiency of findings. One such test is that the findings be "sufficiently definite and certain or specific under the circumstances of the particular case to enable the court to review the decision intelligently and ascertain if the facts afford a reasonable basis for the order without resorting to the evidence." *Glasnapp v. State Banking Bd.,* 545 S.W.2d 382, 387 (Mo.App.1976) (quoting 2 Am.Jur.2d *Administrative Law* § 455). Neither a summary of the testimony nor ultimate conclusions is sufficient. *See Iron County v. State Tax Comm'n,* 480 S.W.2d 65, 69–70 (Mo.1972). The findings must

> constitute a factual resolution of the matters in contest before the commission; must advise the parties and the circuit court of the factual basis upon which the commission reached its conclusion and order; must provide a basis for the circuit court to perform its limited function in reviewing administrative agency decisions; must show how the controlling issues have been decided.

*St. Louis County v. State Tax Comm'n,* 515 S.W.2d 446, 448 (Mo.1974) (citing *Iron*

*County,* 480 S.W.2d 65). A number of courts agree that a mere chronology of events is insufficient. *St. Louis County,* 515 S.W.2d at 448; *Iron County,* 480 S.W.2d at 70–71; *see, e.g., St. John v. City of North Kansas City,* 690 S.W.2d 419, 421 (Mo.App.1985); *Anderson v. Missouri Clean Water Comm'n,* 675 S.W.2d 115, 117 (Mo.App.1984). Furthermore, this court is not permitted to consider that the agency found facts in accordance with the result reached. *Webb v. Board of Police Comm'rs of Kansas City,* 694 S.W.2d 927, 928–29 (Mo.App.1985); *Citizens for Rural Preservation, Inc. v. Robinett,* 648 S.W.2d 117, 126 (Mo.App.1982).

■ Of the five paragraph findings in this case, only paragraph three relates to the decision-making process. Paragraph one is a mere identification of corporate status in Missouri. Paragraphs two, four, and five set forth a procedural chronology which the Missouri courts have consistently found insufficient to meet the requirements of § 536.090 RSMo.1978. Paragraph three summarizes the findings of the auditors. The Department's findings adopt none of the auditor's findings, but merely summarize them. Even had the Department adopted the summary in paragraph three, the findings fail to address any of the issues raised in the hearing or in the taxpayer's affidavit. In fact, the auditor's assessment of $21,053.74 is declared correct despite the auditor's testimony that at least one of the items on the tax liability list was a duplicate. The assessment of $21,053.74 may be correct, but, lacking sufficient findings, this court is unable properly to review agency action.[1]

■ In its second point, Crowley contends the five year delay between the evidentiary hearing and the decision, as well as the change in hearing officer violated its due process rights. The cases cited by Crowley address the change in hearing of-

---

1. Additionally, the record submitted on appeal is incomplete. Section 536.130.1(1) RSMo.1986 sets forth the requirements for the record on appeal. A complete record, including all the evidence, is required unless the parties agree by written stipulation to a less complete record.

The record before this court includes only exhibits of the Department of Revenue. The taxpayer's hearing exhibits are not included. Again, this renders proper review by this court impossible.

ficer. Section 536.080(2) RSMo.1978 sets forth the standards for the official who renders a final decision. Prior to that decision, the official must "either hear all the evidence, read the full record including all the evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs." § 536.080(2) RSMo.1978.

Unlike the instant case, Missouri cases addressing a change in the personnel of hearing officers between the time of hearing and of decision do not involve a complete change in personnel. No Missouri court has found a change in personnel violates due process. In fact, the Supreme Court in *Schrewe v. Sanders,* 498 S.W.2d 775 (Mo.1973), held that

> § 536.080, subd. 2, permits a commissioner to join in rendering a final decision if prior thereto he reads the full record, and since no rule demands that he be personally present to hear and observe the witnesses as they testify and procedural due process does not necessarily require it, the hearing ... was reasonable and adequate where all of the testimony and evidence was before all members of the board who joined in the decision.

*Id.* at 778.

Crowley cites a number of non-Missouri cases that did require the decision-maker to hear the evidence. In each of those cases, however, the demeanor and the credibility of the witnesses were critical factors. Generally, two witnesses gave completely contradictory accounts of a single incident. *See, e.g., Gamble–Skogmo, Inc. v. Federal Trade Comm'n,* 211 F.2d 106 (8th Cir.1954) (conflicting testimony on business practices); *Van Teslaar v. Bender,* 365 F.Supp. 1007 (D.Md.1973) (officer's testimony he was shoved by merchant marine and merchant marine's denial); *Stevens Chevrolet v. Commission on Human Rights,* 498 A.2d 546 (D.C.App.1985) (conflicting testimony on reason employee was fired); *Simmons v. District Unemployment Compensation Bd.,* 292 A.2d 797 (D.C.App.1972) (conflicting testimony on employee conduct); *Addison v. Review Bd. of Ind. Employment Sec.,* 397 N.E.2d 1037 (Ind.App. 1979) (conflicting testimony on reason employee was fired). Each of these cases linked the due process violation to the importance of determining credibility on the particular facts of the case. The *Addison* court based its decision on whether a credibility judgment was the determinative factor. *Addison,* 397 N.E.2d at 1041. The Eighth Circuit Court of Appeals in *Gamble–Skogmo* based its decision on "whether a credibility evaluation can be said in the present situation to constitute a salient element in a sound arriving-at of the controlling facts by an examiner." *Gamble–Skogmo,* 211 F.2d at 115.

This is not a case of two witnesses contradicting each other. The Okenfuss testimony explained a bookkeeping process by reference to exhibits from the Crowley purchase journal and an analysis of the list of tax liability. Both of these were documents an examiner could review later. The testimony of Jaegers failed to contradict the Okenfuss testimony. Jaegers simply said he had no means to determine job location on some of the jobs, and he received no information about the tax-exempt status of any jobs. He agreed that at least one entry was a duplicate. Crowley's affidavit details his dispute over the assessment, which illustrates that this case primarily involves a consideration of records and exhibits, not of demeanor and credibility of witnesses. For that reason, the non-Missouri cases cited by Appellant are not analogous to this case, and the Department met the standard set forth in Section 536.-080(2). Crowley's second point is denied.

We reverse the judgment and remand this cause to the circuit court with directions to remand it to the Director of Revenue to enter findings of fact and conclusions of law as required by law.

DOWD, P.J., and SIMON, J., concur.