**Colman KRAUS, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. WD 52663.

Missouri Court of Appeals,
Western District.

Nov. 26, 1996.

Daniel L. Mohs, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Respondent.

Before LOWENSTEIN, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Appellant Colman Kraus appeals the decision of the Administrative Hearing Commission (the Commission) upholding the Director of Revenue's personal assessment against him of the unpaid sales tax of his corporation, Colman's Grant Village, Inc. (Colman's). Appellant raises two points on appeal. He first claims that he was denied due process because the commissioner who made the findings of fact and conclusions of law and entered the Commission's final decision was not the same commissioner who heard the evidence. Appellant also claims that the Commission clearly erred in upholding his personal assessment for Colman's sales tax pursuant to § 144.157.3 because there was insufficient evidence to find that he had the requisite direct control, supervision or responsibility for filing the sales tax returns and paying the corresponding taxes of Colman's. We disagree and affirm.

## Facts

In 1984, appellant Colman Kraus, along with a few other investors, formed Colman's, a corporation to operate retail drug stores in the St. Louis area. At that time, appellant was Colman's only director, and he and his wife were Colman's only officers. Throughout Colman's existence, appellant served as its president. He also signed Colman's annual registration reports filed with the Secretary of State's Office during that time and Colman's original sales tax application and surety bond filed with respondent.

Colman's filed for Chapter 11 bankruptcy in late 1993 and ceased operations in April of 1994. Colman's did not file sales tax returns with the respondent Director of Revenue, nor pay any corresponding tax payments from October 1993 to April 1994. Respondent assessed Colman's $34,330.75 in sales tax and $8,582.70 in additions, plus interest, for each month from October 1993 through February 1994. Respondent further assessed Colman's $19,037.76 in sales tax and $4,759.44 in additions, plus interest, for both March and

April of 1994. Colman's neither paid nor appealed the assessments and they therefore became final.

On December 30, 1994,[1] respondent notified appellant she intended to assess him personally, pursuant to § 144.157.3,[2] which allows for former corporate officers to be held responsible for outstanding sales tax. Respondent notified appellant he was liable on March 27, 1995, and that he was being assessed $209,729.27 in sales tax, $52,432.38 in additions, $32,376.68 in interest and $22.50 for lien filing fees, a total of $294,560.83. On May 19, 1995, appellant filed a timely complaint with the Commission which held a hearing on October 30, 1995, before Commissioner Edward F. Downey. Commissioner Downey heard testimony that Colman's director of operations and senior store manager Karl Farabaugh was responsible for handling collection and payment of sales tax, while Kraus was mainly responsible for public relations, advertising and raising capital. Although he claimed to have little or no more power than some of Colman's other officers and directors, appellant testified on cross-examination that he had the authority to hire and fire employees.

Commissioner Robert C. Smith issued his Findings of Fact and Conclusions of Law on April 1, 1996, having read the full record including all evidence, and found that the evidence supported respondent's assessment against appellant personally of Colman's unpaid sales tax, additions and interest, because he had direct control, supervision and responsibility for filing the sales tax returns and paying the corresponding taxes. Commissioner Smith further found that appellant was bound by the $294,560.83 assessment.

### Standard of Review

"The commission's decision must be affirmed if it is supported by the law and competent and substantial evidence on the whole record and is not clearly contrary to the intent of the legislature." *Whitby v. Director of Revenue,* 896 S.W.2d 636, 638 (Mo. banc 1995).

### I.

■ Appellant claims the Commission erred by permitting a commissioner who did not preside at the hearing to make findings of fact and conclusions of law and render its final decision, which violated his right to due process. On this issue, § 536.080.2 controls and provides that:

> In contested cases, each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, either hear all the evidence, **read the full record including all the evidence,** or personally consider the portions of the record cited or referred to in the arguments or briefs.

§ 536.080.2 (emphasis added). Our appellate courts in interpreting this section have held that a commissioner who decides the case after reading the full record but without hearing the evidence does not violate due process. *See, Bean v. Missouri Comm'n on Human Rights,* 913 S.W.2d 419, 423 (Mo. App.1996) (agency members may determine the witness's credibility despite not being present to hear and observe testimony); *Ferrario v. Baer,* 745 S.W.2d 193, 198 (Mo.App. 1987) (it is not uncommon for the decision-maker to be a different person or entity than the one who heard the evidence and compiled the record); *Phil Crowley Steel Corp. v. King,* 778 S.W.2d 800, 804 (Mo.App.1989) (no Missouri court has found changes in personnel violate due process).

Although appellant readily recognizes the statutory authority and case law on this issue, he nonetheless claims that there exists an exception to the procedure authorized in § 536.080.2. For this exception, appellant cites us to *Travelhost of Ozark Mountain*

---

1. Appellant testified that he was unaware the sales tax had not been paid until respondent notified him December 30, 1994, that he would be held personally liable. Respondent's records and exhibits establish that appellant realized the sales tax was not being paid in December 1993, and that an employee of respondent telephoned appellant about it January 18, 1994, and that appellant telephoned respondent on April 28, 1994, a conversation in which respondent told appellant to file the sales tax returns for October 1993 through April 1994.

2. All statutory references are to 1994 RSMo, unless otherwise indicated.

*Country v. Director of Revenue,* 785 S.W.2d 541 (Mo. banc 1990), and *Phil Crowley Steel Corp. v. King, supra.* Appellant claims this exception requires the same commissioner who hears the evidence to decide the case when two or more directly conflicting witnesses testify about a critical fact and the witnesses' credibility is at issue. Even assuming *arguendo* that this is a case involving two or more directly conflicting witnesses testifying about a critical fact where credibility is at issue, we find no violation of due process in the § 536.080.2 procedure employed by the Commission here.

In *Travelhost,* the appellants made a claim similar to appellant's here, alleging that they were denied due process of law because the "second Commissioner 'could not be a fair fact finder without hearing the testimony in order to determine the credibility of witnesses.'" *Travelhost,* 785 S.W.2d at 543. In holding that compliance with § 536.080.2 did not violate due process, the Missouri Supreme Court in *Travelhost* stated:

> This is a legal, not factual dispute.... This is not a case of two or more witnesses contradicting one another. Under these circumstances, we think that compliance with Section 536.080 provides all of the process appellants are due here.

*Travelhost,* 785 S.W.2d at 543. Similarly, in *Phil Crowley Steel Corp. v. King,* the Court of Appeals stated:

> Crowley cites a number of non-Missouri cases that did require the decisionmaker to hear the evidence. In each of those cases, however, the demeanor and the credibility of the witnesses were critical factors. Generally, two witnesses gave completely contradictory accounts of a single incident.... This is not a case of two witnesses contradicting each other.

*Phil Crowley Steel Corp.,* 778 S.W.2d at 804. From this quoted language, we can glean that neither court addressed the issue nor held that compliance with § 536.080.2 would violate due process when two or more directly conflicting witnesses testify over a critical fact. Neither court decided this issue because the facts of their case did not require them to do so. At best, the language in the cases cited would indicate that it was not

necessary to the opinion to address the issue and that it should be addressed only when necessary to do so. Although we find that the holdings in the cases cited by appellant do not create the exception on which appellant's claim depends, we will address the merit of creating the exception to § 536.080.2 as urged by appellant.

The clear and unambiguous language of § 536.080.2 permits a commissioner who did not hear the case to decide it after reading the full record. This is not a case of one commissioner adopting credibility determinations of another commissioner. Rather, under § 536.080.2, the second commissioner is required to decide credibility, *ab initio,* based solely upon a reading of the record. Despite appellant's assertion, determinations of credibility based upon a written record are permitted by and frequently occur in the law; i.e., written depositions of expert witnesses who are unavailable to testify are frequently admitted as evidence in trials with the fact finders called upon to determine credibility solely from the deposition. Our appellate courts have never found this to be a violation of due process. Discerning no logical basis for differentiating between other instances in the law where judging credibility of witnesses solely from a cold record is permitted and the instance in question, we find no reason to find a violation of due process in the application of § 536.080.2 under the circumstances of this case.

In this case, the second commissioner "had before [him] all the testimony and evidence from the hearing." *Ferrario,* 745 S.W.2d at 198. Pursuant to § 536.080.2, he read the full record and determined, *inter alia,* credibility based upon the record. "The Missouri law of administrative procedure requires no more." *Id.*

Point denied.

## II.

In his second point, appellant claims that the Commission clearly erred in deciding he was personally liable for Colman's unpaid sales tax. Appellant claims that there was no competent and substantial evidence to demonstrate he had direct control,

supervision or responsibility as required by § 144.157.3 in order to personally assess him for Colman's sales tax. We disagree.

Section 144.157.3 sets forth under what circumstances respondent could be personally assessed for Colman's unpaid sales tax:

> Any officers, directors, statutory trustees or employees of any corporation, including administratively dissolved corporations or foreign corporations that have had their certificate of authority revoked, subject to the provisions of sections 144.010 to 144.745, **who has the direct control, supervision or responsibility** for filing returns and making payment of the amount of tax imposed in accordance with sections 144.010 to 144.745, and who fails to file such return and make payment of all taxes due with the director of revenue shall be personally assessed for such amounts, including interest, additions to tax and penalties thereon. This assessment shall be imposed only in the event that the assessment on the corporation is final, and such corporation fails to pay such amounts to the director of revenue. Notice shall be given of the director of revenue's intent to make the assessment against such officers, directors, statutory trustees or employees. The personal liability of such officers, directors, statutory trustees or employees as provided in this section shall survive the administrative dissolution of the corporation or, if a foreign corporation, the revocation of the corporation's certificate of authority.

§ 144.157.3 (emphasis added). The Missouri Supreme Court has interpreted the term "direct" as used in § 144.157.3 to mean " 'without intervening persons, conditions, or agencies; immediate ... (and) stemming immediately from a source.' " *Whitby*, 896 S.W.2d at 638–39.

In *Whitby*, the director of revenue assessed the appellant for unpaid sales tax of his corporation, but the Commission had reversed the assessment, concluding that he did not have the direct control, supervision or responsibility for filing sales tax returns and making the corresponding payments, pursuant to § 144.157.3. *Whitby*, 896 S.W.2d at 638. The Missouri Supreme Court reversed the Commission, citing the following factors as indicative that the appellant there was in direct control: he was president of the corporation and managed the restaurant operation; he signed its tax registration application and surety bond; he received the director's notices when its tax payments were overdue; he signed checks in payment of the tax liability; he signed monthly sales tax returns; and, he contacted the department to inquire whether the corporation was meeting its obligations under the payment agreement. *Id.* at 639.

Here, appellant exercised a remarkably similar line of control as found in *Whitby*. He organized and was president of the corporation; he signed its tax registration application and surety bond; he received the director's notices when its tax payments were overdue; he signed checks in payment of the tax liability; he contacted respondent's office when he became aware the sales tax had not been paid; he had the authority to hire, fire and supervise Colman's controller who prepared the sales tax returns; and, he signed and filed sales tax returns in an attempt to resolve the issue of unpaid sales tax. Thus, we find that the commissioner's finding that appellant was in direct control, supervision or responsibility for filing Colman's returns and paying its corresponding sales tax was supported by substantial and competent evidence.

█ We may not substitute our judgment for that of the Commission and must defer to its findings of fact. *Perry v. City of St. Louis Civil Service Comm'n*, 924 S.W.2d 861, 863 (Mo.App.1996). We find that the decision of the Commission is supported by the law and by competent and substantial evidence upon the record.

Point denied.

## Conclusion

The decision of the Administrative Hearing Commission assessing appellant personally for Colman's unpaid sales tax, additions and interest is affirmed.

All concur.