**STATE BOARD OF NURSING,**
Appellant,

v.

**JoAnn BERRY, Respondent.**

**No. WD 58043.**

Missouri Court of Appeals,
Western District.

Nov. 28, 2000.

Rikki L. Jones, Jefferson City, for appellant.

Larry Darnell Hale, St. Louis, for respondent.

Before EDWIN H. SMITH, P.J., ULRICH, J. and ELLIS, J.

ULRICH, Judge.

The Missouri State Board of Nursing (the Board) appeals from the decision of the Administrative Hearing Commission (AHC), as affirmed by the Circuit Court of Cole County, finding no cause to discipline JoAnn Berry's LPN license under sections 335.066.2(1), (12), or (14), RSMo Cum. Supp.1998.[1] The Board contends that the AHC erred in failing to find cause to discipline Ms. Berry's LPN license, claiming that possession of cocaine and marijuana, in violation of section 195.202, RSMo 1994, a criminal statute applicable by section 335.066.2(14), was proven and constitutes the requisite cause.[2] The judgment of the

---

1. All statutory references are to RSMo Cum. Supp.1998 unless otherwise indicated.

2. Although the Board's sole point on appeal asserts that "possession can be established singularly through a positive drug screen or

circuit court affirming the decision of the AHC and the decision of the AHC are affirmed.

## Facts

JoAnn Berry, an LPN, submitted an application for employment to the Spanish Lake Nursing Center located in Florissant, Missouri, on March 19, 1996. As part of the application process, she was required to submit to a pre-employment urine drug screen. Ms. Berry's urine drug screen tested positive for the presence of marijuana and cocaine.

The Board filed a complaint with the AHC on August 5, 1998, because of the positive test results, alleging that cause existed for the Board to discipline Ms. Berry's LPN license pursuant to sections 335.066.2(1), (12), and (14). During the course of the Board's action against Ms. Berry, the Board sent Ms. Berry a Request for Admissions and a copy of Supreme Court Rule 59.01. Contained within the Board's Request for Admissions were statements that Ms. Berry had consumed marijuana and cocaine on or about March 19, 1996, and that she had submitted to a pre-employment urine drug screen. When Ms. Berry failed to respond to the Board's Request for Admissions within thirty days, the statements contained within the Board's Request for Admissions were deemed admitted as provided by Rules 59.01(c) and 61.01.[3] After the AHC determined that Ms. Berry received the Board's Request for Admissions and failed or refused to answer the included questions, the admitted questions were admitted as evidence.

The AHC, after an evidentiary hearing, found that the Board had not established

cause to discipline Ms. Berry's license under sections 335.066.2(1), (12), or (14). The Board filed a petition for judicial review in the Circuit Court of Cole County. The circuit court affirmed the decision of the AHC on November 5, 1999. The Board's appeal followed.

## Standard of Review

The appellate court reviews the decision of the AHC, not the judgment of the circuit court. *EBG Health Care III, Inc. v. Missouri Health Facilities Review Comm.*, 12 S.W.3d 354, 358 (Mo.App. W.D. 2000). This court will consider the evidence and all reasonable inferences from the evidence in the light most favorable to the administrative agency's findings. *Id.* If the AHC could have reasonably made its findings and reached its result, the court on appeal may not substitute its own judgment for that of the AHC. *Harrington v. Smarr*, 844 S.W.2d 16, 18 (Mo.App. W.D.1992). The fact-finding function rests with the AHC, and even if the evidence would support either of two findings, the court is bound by the AHC's factual determination. *Id.* The appellate court's function on review is limited to determining whether the AHC's decision is supported by competent and substantial evidence, or is arbitrary, capricious, unreasonable or constitutes an abuse of discretion. *EBG Health Care III*, 12 S.W.3d at 358. The Missouri Supreme Court has defined substantial evidence to be:

> ... evidence which, if true, has probative force upon the issues, i.e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from

in combination with other corroborating evidence," the point and the Board's argument is directed only at the violation of criminal provisions within Chapter 195, applicable by section 335.066.2(14). Thus, whether the Commission's decision was erroneous when it applied sections 335.066.2(1) and (12) is not considered.

**3.** 1 CSR 15–2.420 provides that in Administrative Hearing Commission licensing cases "[a]ny party may obtain discovery in the same manner, upon or under the same conditions and upon the same notice and other requirements, as is or may be provided for with respect to discovery in civil actions by rule of the Supreme Court of Missouri for use in the circuit court."

which the trier or triers of the fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced.

*Collins v. Division of Welfare*, 364 Mo. 1032, 270 S.W.2d 817, 820 (1954). While the appellate court cannot substitute its own judgment on factual matters, it can independently determine questions of law. *Psychare Mgmt., Inc. v. Dep't of Soc. Servs., Div. of Med. Servs.*, 980 S.W.2d 311, 312 (Mo. banc 1998).

## Point on Appeal

As its sole point on appeal, the Board contends that the AHC erred in failing to conclude that Ms. Berry possessed marijuana and cocaine in violation of Chapter 195, RSMo, thereby authorizing discipline of her license under section 335.066.2(14). The Board asserts that possession of a controlled substance, as proscribed in section 195.202, RSMo 1994, can be established in section 335.066 proceedings by a preponderance of the evidence with a positive drug screen alone or in combination with other corroborating evidence. The Board asserts that it satisfied its burden of proving Ms. Berry's possession of a controlled substance with the evidence that Ms. Berry tested positive for the presence of marijuana and cocaine within her body and by her admission that she consumed the illegal drugs, therefore, requiring that Ms. Berry's license be disciplined under section 335.066.2(14).

## Section 335.066

Chapter 335 of the Nursing Practice Act governs the licensing of the nursing profession in Missouri. Section 335.066.2 provides fifteen causes for disciplining a nursing license. In this administrative proceeding, the Board alleged it had cause to discipline Ms. Berry's nursing license for the following three causes enumerated in subsections of section 335.066.2:(1) Use or unlawful possession of any controlled substance ... to an extent that such use impairs a person's ability to perform the work of any profession licensed or regulated by sections 335.011 to 335.096; (12) Violation of any professional trust or confidence; (14) Violation of the drug laws or rules and regulations of this state, any other state or the federal government.

The AHC addressed each of the three alleged causes for disciplining Ms. Berry's license in its Findings of Fact and Conclusions of Law. The AHC held that the Board failed to prove its case under sections 335.066.2(1) and (12). As to subsection (14), the AHC concluded that the evidence that Ms. Berry had two controlled substances in her system, which she admitted consuming, was alone inadequate to establish that Ms. Berry violated a state or federal statutory prohibition against possessing marijuana or cocaine. The Board appeals only the AHC's decision that no cause exists for discipline under section 335.066.2(14); the Board does not raise any claim of error regarding the AHC's decision as it pertains to sections 335.066.2(1) and (12).

## Section 335.066.2(14)

Section 335.066.2(14) is dependant on existing criminal statutes and is not self sustaining. Subparagraph (14) provides that the "[v]iolation of the drug laws or rules and regulations" of any state or the federal government is a basis for disciplining a license. Although 335.066.2(14) makes violation of any federal or state statute prohibiting the possession of illegal drugs reason for disciplining a license, the Board referenced only section 195.202, RSMo 1994. Section 195.202 requires proof of the *conscious and intentional* possession of a contraband drug. *State v. Yahne*, 943 S.W.2d 741, 745 (Mo.App. W.D. 1997) (citing *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992)). Thus, conscious and intentional possession of a contraband drug is a basis for disciplining a license under 335.066.2(14).

■ The Board asserts that the burden of proof required when considering a breach of section 335.066.2(14) is "preponderance of the evidence" and not proof "beyond a reasonable doubt" even though the Board incorporates section 195.202, a criminal statute, to identify the elements that must be proved. The burden of proof in a civil case is different from the burden of proof in a criminal case because the purpose of each proceeding is different. Unlike a criminal case where the state charges an individual with a criminal violation, the proof of which jeopardizes life or liberty, the licensing process and the ability to discipline a nurse's license to practice in the nursing profession is an administrative mechanism delegated by the General Assembly to the Board to protect the health and welfare of the state's citizens. *See Missouri Bd. of Registration for the Healing Arts v. Levine*, 808 S.W.2d 440, 442 (Mo.App. W.D.1991). The life or liberty of the licensee is not at jeopardy. The Board, however, has a legitimate duty to protect Missouri's citizens, as directed by the General Assembly through section 335.066.2(14), from those persons who are licensed or would be licensed to provide nursing care and who knowingly and intentionally use contraband drugs, which are illegal to possess and which, by their nature, affect the senses and may significantly inhibit the exercise of good judgment or impede the ability to render nursing care to the standard demanded by law.

■ To prove a breach of section 335.066.2(14), the Board was compelled to prove that Ms. Berry knowingly and intentionally possessed marijuana or cocaine, controlled substances, the elements of section 195.202, not to the standard required for conviction in a criminal prosecution but to the standard of a civil matter, "preponderance of the evidence." *See In re Hill*, 8 S.W.3d 578, 581 (Mo. banc 2000). "Preponderance of the evidence" is defined as that degree of evidence that "is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows the fact to be proved to be more probable than not." *Vaught v. Vaughts, Inc./Southern Missouri Constr.*, 938 S.W.2d 931, 941 (Mo.App.S.D.1997).

### Conclusion

■ The Board's unrebutted evidence in this case revealed that Ms. Berry consumed marijuana and cocaine on March 19, 1996. This evidence was admitted by Ms. Berry's failure to respond to the Board's Request for Admissions pursuant to Rule 59.01(c) and 60.01. Mrs. Berry also admitted that she tested positive for the presence of marijuana and cocaine on the same date, thereby corroborating her admission that she consumed the contraband substances. Whether knowledge and intent can be inferred from a positive drug test and/or consumption of a controlled substance has not been decided in Missouri. Evidence of Ms. Berry's positive drug test and her consumption of marijuana and cocaine was not sufficient to establish, even under the preponderance of the evidence standard, that Ms. Berry knowingly and intentionally possessed marijuana and cocaine as proscribed by section 195.202. *See State v. McCoy*, 116 N.M. 491, 864 P.2d 307, 312 (N.M.App.1993), *rev'd on other grounds by State v. Hodge*, 118 N.M. 410, 882 P.2d 1 (N.M.1994) (adopting the majority view that a positive drug test alone does not prove knowledge or intent; additional proof of intentional or knowing possession is required). The requests for admission did not ask Ms. Berry to admit that she consciously and intentionally possessed marijuana and cocaine. Nor did they ask Ms. Berry to admit that she consciously and intentionally consumed the drugs. Furthermore, no other evidence was offered that she consciously and intentionally possessed the drugs. Although the standard of proof is to a preponderance of the evidence and not beyond a reasonable doubt, the absence of evidence that Ms. Berry consciously and intentionally possessed the drugs fails to satisfy the requisite mental state element required by

section 195.202 regardless which standard is applied. The decision of the AHC is affirmed. The judgment of the trial court is affirmed.

EDWIN H. SMITH, P.J., and ELLIS, J., concur.