**Brad J. ANGELOS, M.D., Respondent,**

v.

**STATE BOARD OF REGISTRATION FOR THE HEALING ARTS,**
**Appellant.**

**No. 24491.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 29, 2002.

Motion for Rehearing or Transfer Denied Nov. 12, 2002.

Application for Transfer Denied Dec. 24, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Brian T. Rabineau, Asst. Atty. Gen., for appellant.

Manuel Drumm, Sikeston, for respondent.

ROBERT S. BARNEY, Judge.

Pursuant to § 334.100 the medical license of Dr. Brad J. Angelos ("Dr. Angelos") was revoked by the State Board of Registration for the Healing Arts ("Board") for a period not exceeding seven years, after a hearing by the Administrative Hearing Commission ("Commission").[1] Dr. Angelos filed a petition to review, pursuant to § 536.140, in the Circuit Court of Scott County, Missouri. He contended both in his petition for review and now in this appeal that the Commission violated his due process rights because the commissioner who entered her findings of facts and conclusions of law in his matter was not the same commissioner who had presided at his administrative hearing. It

---

1. Statutory references are to RSMo 1994 un- less otherwise set out.

was on this basis that the circuit court entered its order and judgment reversing and remanding the case to the Commission for rehearing. Board appeals the circuit court's judgment arguing that Dr. Angelos challenges procedure rather than the competency or substance of the evidence itself. Board also maintains that "Missouri's courts have made clear that due process rights are not violated by an officer deciding a case after a review of the record including all evidence, even where that officer decides issues of credibility." [2]

We reverse the order and judgment of the circuit court and affirm the findings of facts and conclusions of law of the Commission and the findings of fact, conclusions of law and disciplinary order of the Board.

> Among other duties, the Board receives information and investigates alleged violations of the Medical Practice Act. To pursue a violation, the Board files a complaint with the Administrative Hearing Commission. The Commission then conducts a hearing and issues findings of fact and conclusions of law. If the Commission finds cause for discipline, it may recommend 'appropriate disciplinary action' to the Board. The licensee then appears before the Board, which determines the discipline. The licensee may waive the Board hearing, in which case the Commission's recommendation is the disciplinary order. The final decision of the Commission and Board is then subject to judicial review.

*Bodenhausen v. Missouri Bd. Of Registration for Healing Arts*, 900 S.W.2d 621, 622 (Mo. banc 1995) (citations omitted); *see also* §§ 334.100, 334.240, 536.100, 621.045.1, 621.110, 621.145, 621.193.

Section 536.140 defines the scope of appellate review. The findings and conclusions of the Commission are reviewed rather than the judgment of either the circuit court of the underlying decision of the Board. The Commission's decision is presumed valid, and the burden is on the attacking party to overcome that presumption. The reviewing court does not substitute its judgment on factual matters for that of the Commission's. Under section 621.193, the decision of the Commission is affirmed if it is supported by the law and competent and substantial evidence on the whole record and is not clearly contrary to reasonable expectations of the General Assembly. Appellate review is also limited to those matters raised in the petition for review.

*Hernandez v. State Bd. Of Registration for Healing Arts*, 936 S.W.2d 894, 900 (Mo. App.1997) (citations omitted).

 As previously alluded to, where the circuit court reverses an agency decision, on appeal, this Court reviews the final decision of the agency, not the judgment of the circuit court. *Dorman v. State Bd. of Regis. for the Healing Arts*, 62 S.W.3d 446, 453 (Mo.App.2001). In reviewing the agency decision, the evidence and all reasonable inferences from the evidence is considered in the light most favorable to the agency's decision. *Id.* at 448. The agency's decision "is presumed valid, and the burden is on the attacking party to overcome that presumption." *Id.* at 453 (quoting *Hernandez v. State Bd. of Regis. for the Healing Arts*, 936 S.W.2d 894, 900 (Mo.App.1997)). This Court may not determine the weight of the evidence or substitute its discretion for that of the agency.

---

**2.** Rule 84.05(e), Missouri Court Rules (2001), sets out that "the party aggrieved by the agency decision shall file the appellant's brief and reply brief, if any...." The rule further provides that "[t]he party aggrieved by the circuit court decision shall prepare the respondent's brief...."

*See State Bd. of Nursing v. Berry,* 32 S.W.3d 638, 640 (Mo.App.2000). "The fact-finding function rests with the [agency], and even if the evidence would support either of two findings, the court is bound by the [agency's] factual determination." *Id.* While this Court "cannot substitute its own judgment on factual matters, it can independently determine questions of law." *Id.* at 641.

■ The determination of witness credibility in a contested case before the Commission is left to the Commission. *Dorman,* 62 S.W.3d at 454. This Court defers to the Commission's expertise and findings with regard to the credibility of witnesses. *State ex rel. Cote v. Kelly,* 978 S.W.2d 812, 814 (Mo.App.1998).

Dr. Angelos has been previously licensed to practice as a physician in the healing arts in the State of Missouri. In particular, Dr. Angelos practiced nephrology in the dialysis unit at Missouri Delta Medical Center in Sikeston, Missouri, and at the Ferguson Medical Group in Sikeston, Missouri.

On October 13, 1993, the Board filed a complaint with the Commission, alleging, *inter alia,* that cause existed "to discipline [Dr. Angelos' medical] license." *See* § 334.100.2. Later, Board filed its second amended petition/complaint relating to three patients at Missouri Delta Medical Center who suffered from severe kidney problems. Board set out that Dr. Angelos failed to properly diagnose and/or treat these patients while under his care at the Center's dialysis unit and that Dr. Angelos' actions were "repeatedly negligent, grossly negligent, and constituted incompetence."

On December 19–21, 1995, the Commission convened a hearing before Commissioner Paul R. Otto. The Board and Dr. Angelos both presented expert witnesses, via live testimony and by deposition transcript, that testified about the treatment Dr. Angelos provided and whether it met the appropriate standard of care.

At some point after the hearing and prior to the Commission's decision, Commissioner Otto's term expired and he left the Commission. Commissioner Sharon M. Busch was assigned to the case. Although she had not participated in the three days of hearing Commissioner Busch "read the full record including all the evidence." On December 20, 1996, Commissioner Busch ruled that cause existed to discipline Dr. Angelos for conduct dangerous to the health of the three patients, including incompetency, gross negligence, and repeated negligence.

The Board conducted its disciplinary hearing on July 18, 1997, and in its findings of fact, conclusions of law and disciplinary order, in pertinent part, revoked Dr. Angelos' license to practice the healing arts for a period not exceeding seven years.

■ As previously set out, Dr. Angelos claims that the Commission violated his due process rights when it allowed a commissioner who did not preside at his hearing to make findings of fact and conclusions of law and render its final decision. He cites to a number of non-Missouri cases that he contends required decision-makers to hear the evidence, in particular where demeanor and the credibility of the witnesses were a critical factor. *See, e.g., Gamble–Skogmo, Inc. v. Federal Trade Comm'n,* 211 F.2d 106 (8th Cir.1954); *Van Teslaar v. Bender,* 365 F.Supp. 1007 (D.Md.1973); *Simmons v. District Unemployment Compensation Bd.,* 292 A.2d 797 (D.C.App.1972). We, of course, are not bound by these decisions of a foreign jurisdiction, although they carry some element of persuasiveness when facts are similar. *Cherry Manor, Inc., v. American Health*

*Care, Inc.*, 797 S.W.2d 817, 821 (Mo.App. 1990). Generally, while meriting respect, the decisions of the Eighth Circuit are not binding on Missouri state courts. *State v. Cammon*, 959 S.W.2d 469, 473 (Mo.App. 1997).

However, it is noteworthy, that *Van Teslaar* and *Simmons, supra*, both refer to the *Gamble–Skogmo* as support for their respective holdings. In *Gamble–Skogmo* the Eighth Circuit was reviewing, in part, the federal Administrative Procedure Act, then in force at 5 U.S.C.A. § 1004(c), now 5 U.S.C.A. § 554(d), which specifically provides that "[t]he employee who presides at the reception of evidence . . . shall make the recommended decision or initial decision . . . unless he becomes unavailable to the agency." 5 U.S.C.A. § 554(d). Particularly telling was the *Gamble–Skogmo* court's observation that the "affording of the opportunity for such credibility evaluation and the according of the benefit to the parties of this being done are fundamentally procedural grants and prescriptions and, as previously indicated, not substantive due-process requisites." *Gamble–Skogmo*, 211 F.2d at 113.

On this issue, Missouri's Administrative Procedures Act at § 536.080.2 provides that:

> In contested cases, each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, either hear all the evidence, *read the full record including all the evidence*, or personally consider the portions of the record cited or referred to in the arguments or briefs. . . .

§ 536.080.2 (emphasis added).

In the instant matter, the record shows that the Commission fully complied with this foregoing, statutory provision. Commissioner Paul Otto's term expired and he left the Commission after the hearing. Commissioner Sharon Busch was then as-signed to the case. As prescribed in section 536.080.2, Commissioner Busch read the full record and reviewed all the evidence, and based on the foregoing, found cause to discipline Dr. Angelos for conduct dangerous to the health of a patient, incompetency, gross negligence, and repeated negligence.

Missouri case law affirms that "a commissioner who decides the case after reading the full record but without hearing the evidence does not violate due process." *Kraus v. Director of Revenue*, 935 S.W.2d 71, 73 (Mo.App.1996); *see also Ferrario v. Baer*, 745 S.W.2d 193, 198 (Mo.App.1987) (it is not uncommon for the decision maker to be a different person or entity than the one who heard the evidence and compiled the record); *Phil Crowley Steel Corp. v. King*, 778 S.W.2d 800, 804 (Mo.App.1989) (no Missouri court has found changes in personnel violate due process); *State ex rel. Powell v. Wallace*, 718 S.W.2d 545, 549 (Mo.App.1986) (section 536.080.2 does not require decision makers to be same city council members that participated in original proceeding); *State ex rel. Associated Natural Gas Co. v. Public Serv. Comm'n*, 37 S.W.3d 287, 295 (Mo.App.2000) (credibility could be determined upon agency's review of the record); *Bean v. Missouri Comm'n on Human Rights*, 913 S.W.2d 419, 423 (Mo.App.1996) (agency members may determine the witness's credibility despite not being present to hear and observe testimony).

*Schrewe v. Sanders*, 498 S.W.2d 775 (Mo.1973) involved a case of a police officer dismissed after being found guilty of conduct unbecoming an officer. *Id.* at 777. Among his arguments on appeal from a decision of the Board of Police Commissioners of the City of St. Louis, police officer maintained that the findings and conclusions of the board were not rendered either by a majority of the board who

heard the evidence or who had observed the witnesses or judged their credibility. *Id.* In its opinion, the Supreme Court of Missouri cited as support, *Gearhart & Otis, Inc. v. Securities and Exchange Comm'n,* 121 U.S.App. D.C. 186, 348 F.2d 798, 802 (1965). It observed that *Gearhart* set out the rule to which we adhere: "The decisions of numerous courts and administrative agencies establish that, even without agreement of the parties, a member of an administrative agency who did not hear oral argument may nevertheless participate in the decision where he has the benefit of the record before him.'" *Id.*

Our high court then held that:

since [§ 536.080.2] permits a commissioner to join in rendering a final decision if prior thereto he reads the full record and since no rule demands that [the decision maker] be personally present to hear and observe the witnesses as they testify and procedural due process does not necessarily require it, the hearing granted . . . was reasonable and adequate. . . .

*Id.* at 778. As the court in *Kraus* correctly recognized, "determinations of credibility based upon a written record are permitted by and frequently occur in the law; i.e., written depositions of expert witnesses who are unavailable to testify are frequently admitted as evidence in trials with the fact finders called upon to determine credibility solely from the deposition." *Kraus,* 935 S.W.2d at 74. "Our appellate courts have never found this to be a violation of due process." *Id.*

Here, both Dr. Angelos and the Board presented a number of live and deposed witnesses who testified to the appropriate standard of care in treating the three patients in question. Commissioner Busch had before her the full record from this hearing. Pursuant to section 536.080.2, she read the full record, determined credi-

bility from the record, and made a decision based upon the record. "The Missouri law of administrative procedure requires no more." *Kraus,* 935 S.W.2d at 74 (quoting *Ferrario,* 745 S.W.2d at 198).

We find no violation of due process in the application of section 536.080.2 and we affirm the Commission's findings of facts and conclusions of law. The judgment of the Circuit Court of Scott County is reversed.

MONTGOMERY, P.J., and GARRISON, J., concur.